THE UNITED STATES, APPELLANTS, *v.* WILLIAM AND ALEXANDER McCULLAGH AND JAMES CORNAHAN, TRUSTEES OF THE HEIRS OF ALEXANDER McCULLAGH AND DAVID McCALEB.

The act of June 17, 1844, (5 Stat. at Large, 676,) reviving the act of 1844, gives jurisdiction to the District Courts in cases only where the title set up to lands, under grants from former governments, is equitable and inchoate, and where there is no grant purporting to convey a legal title.

Grants from the British government, as well as those of France and Spain, are equally within this restriction.

THIS was an appeal from the Circuit Court of the United States for the Eastern District of Louisiana.

The opinion of the court sets out the facts of the case so far as to raise the question of jurisdiction.

It was argued by *Mr. Lawrence* and *Mr. Crittenden*, (Attorney-General) for the United States, and by *Messrs. Janin* and *Taylor*, for the appellees.

Mr. Chief Justice TANEY delivered the opinion of the court.

This case arises on a petition filed by the appellees in the District Court for the Eastern District of Louisiana, praying that their title to a certain tract of land containing one thousand acres, situated on the Mississippi River, to the westward of Baton Rouge, may be declared valid and confirmed. They claim title under Alexander McCullagh, Sen., who obtained a grant from the British authorities while they were in possession of the coun-

try and before it was ceded to Spain. The grant was made on certain conditions therein specified, which it is not necessary to state, as the court is of opinion that the District Court had no jurisdiction in the questions upon which the validity or invalidity of the title claimed by the appellees against the United States, depends.

The proceeding is under the act of June 17th, 1844, and this court have always held that under that act the District Court has jurisdiction in those cases only where the title set up by the petitioner is equitable and inchoate; and where there is no grant purporting to convey a legal title as contradistinguished from an equitable one. It is true that the cases heretofore decided have arisen under titles derived from the French or Spanish authorities while they respectively held the territory and exercised dominion over it. And this is the first case that has come before the court in which the title sought to be confirmed is derived from the government of Great Britain. But as respects the jurisdiction of the District Court, claims of this description are placed by the act of 1844, on the same footing with those which are derived from France or Spain. The jurisdiction conferred in either case is that of a court of equity only; and the titles which the court is authorized to confirm, are inchoate and imperfect ones, which upon principles of equity, the government of the United States are bound to confirm and make perfect.

In this case, all of the questions upon which the title of the appellees depend, are strictly legal questions, to be decided in a court of law, in a suit at law. They are not, therefore, within the equity jurisdiction given by the acts of 1824 and 1844. There are no equitable considerations involved in the controversy; and the validity or invalidity of this claim, can be tried and determined in any court having competent jurisdiction to try and decide a disputed title to land between individual claimants. There was no necessity, therefore, for any special jurisdiction to try them, and on that account they were not embraced in the acts of Congress above mentioned.

It appears, in this case, that the District Judge had an interest in the land in question, and the cause was certified to the Circuit Court for the Eastern District of Louisiana, under the act of March 3, 1821, and the decree affirming this title was passed by the Circuit Court. This decree must be reversed; and a mandate issued to the Circuit Court to dismiss the petition without prejudice to the rights of the United States or the appellees.

## Order.

This cause came on to be heard on the transcript of the

record from the Circuit Court of the United States, for the Eastern District of Louisiana, and was argued by counsel. On consideration whereof, it is now here ordered, adjudged, and decreed by this court, that the decree of the said Circuit Court in this cause be, and the same is hereby reversed, and that this cause be, and the same is hereby remanded to the said Circuit Court, with directions to dismiss the petition of the claimants without prejudice to the rights of either the United States or the appellees.