PHILETUS P. BIRCH v. MAXWELL M. FISHER AND DAVID G. PRESTON.

*Certificate of deposit—Good faith.*

Certificates of deposit are negotiable instruments; and where the owner of such a certificate has indorsed it, and, through his want of ordinary business caution, it has passed beyond his control, *it seems* that one who within a reasonable time purchases it in good faith and for value is entitled to protection. But the question of good faith is for the jury, if there is any evidence to impeach it.

*It seems* that the lapse of thirty-one days from the date of a certificate of deposit is not enough to raise the presumption that it is dishonored paper, even though such paper be due at its date.

Error to Wayne. (Speed, J.) April 19.—June 20.

TROVER. Plaintiff brings error. Reversed.

*Geo. H. Prentis* and *Alfred Russell* for appellant.

A certificate of deposit is a promissory note, payable on demand: *Cate v. Patterson* 25 Mich, 191 ; and is. due and payable at once and without any demand : *Palmer v. Palmer* 36 Mich. 491 ; and if past due a purchaser acquires no better title to it than the seller had, and if it was stolen, he obtains no title, even if he purchased in good faith : *Church v. Clapp* 47 Mich. 257; or if the owner lost his possession of it without carelessness : *Cline v. Guthrie* 42 Ind. 227 ; *Chipman v. Tucker* 38 Wis. 43 ; even in the case of a negotiable promissory note transferred before maturity, if there is doubt or suspicion thrown on the transaction by the manner of transferring, the purchaser would not be a *bona fide* holder : *Aniba v. Yeomans* 39 Mich. 171.

*Geo. H. Penniman* and *Samuel T. Douglas* for appellees. Paper payable on demand is regarded as over-due and dishonored " when so much time has elapsed that the law considers that it ought to have been paid, and that every one is bound to suppose that the paper must have been demanded and refused somewhere within that time:" 1 Pars. N. & B. 262; in *Tripp v. Curtenius* 36 Mich. 496 this Court held, that a certificate of deposit was in effect a promissory note, payable on demand, and due when issued, and that a person who took it nearly three years after it bore date did not acquire the rights of a *bona fide* holder as against the banker who issued it ; this decision as to when a certificate becomes due has been a surprise and embarrassment to the commercial community, and is undoubtedly contrary to the prevailing doctrine elsewhere : 2 Dan. Neg. Inst. (2d ed.) 641; *Howell v. Adams* 68 N.Y. 314, 320 ; *Bellows Falls Bk. v.Rutland Bk.* 40 Vt. 377 ; but this case hardly calls for a reconsideration of the matter then decided, for in view of the purposes of this kind of paper and the commercial usages in respect to it, the lapse of thirty-one days, or even of six months, raises no presumption whatever that it has been dishonored : *Chartered Mercantile Bank of India v. Dickson* L. R. 3 P. C. 574 ; *Nutting v. Burked* 48 Mich. 241 ; Morse on Banks 52, (2d ed.) 63; a loss, as between two innocent parties,

ought to fall upon the one who is most in fault : *Chapman v. Rose* 56 N. Y. 137 ; *Abbott v. Rose* 62 Me. 194 ; distinguishing *Gibbs v. Linabury* 22 Mich. 479 ; *Burson v. Huntington* 21 Mich. 415 ; *Kinyon v. Wohlford* 17 Minn. 239 ; 1 Dan. Neg. Inst. 689, 692.

SHERWOOD, J.   On the 29th day of January, 1881, the plaintiff made a deposit in the First National bank of Detroit and took the following certificate therefor :

"FIRST NATIONAL BANK.                                    $2500.
                                DETROIT, Jan'y 29th, 1881.

P. P. Birch has deposited in this bank twenty-five hundred dollars, payable to the order of himself, in current funds, on the return of this certificate properly endorsed.

EMORY WENDELL, Cashier.
                                H. W. JESSOP, Teller."

On the 2nd day of March following, being thirty-one days after the certificate was issued and delivered to the plaintiff, he endorsed it in blank and left it with one Sanford in a private room in the office of an attorney in Detroit as a pledge that the plaintiff and one Judson, who had been intrusted by said Sanford for a short time with a deed of some patent right for the purpose of examination at the Russell House, would return the same.

Sanford, while thus left in the room with said endorsed certificate, took the same, without the knowledge or consent of plaintiff, to the banking office of the defendants, who, without any knowledge of the manner in which he came into possession thereof, purchased the certificate and paid therefor its face value, less two dollars and fifty cents claimed to be their usual charges for making the purchase. On the next day the plaintiff demanded the certificate of defendants, which demand was refused and the plaintiff brought trover.

On the trial the plaintiff's counsel asked the court to charge the jury :

"*First.* If the jury believe, after Birch had put his name on the certificate of deposit, he placed it on the lounge, and that Sanford took it from the lounge without the knowledge or consent of Birch, then the jury is instructed that they must find for the plaintiff.

*Second.* It appearing from the testimony of Preston that the certificate of deposit in this case was purchased the first of last March, and more than a month after it was issued, the jury is instructed that if they believe that Birch never intended to transfer the ownership of the certificate to Sanford, the plaintiff must recover."

These requests were refused and plaintiff excepted. The court then directed a verdict for the defendants. The plaintiff again excepted and now brings error.

The plaintiff claims, 1st, that the endorsed contract was never delivered so that the endorsement took effect as a contract; and 2nd, that the paper got into the hands of Sanford without any fault or carelessness on his part, and so seeks to bring himself within the case of *Burson v. Huntington* 21 Mich. 415.

We think neither of these propositions is maintained. In Burson's case the note was never completed or delivered, and was void, and it was held that the endorsement could not give it validity. In this case the validity of the certificate is not questioned. If the defendants were innocent bona fide purchasers for value they should be protected, because Sanford could have, in such case, negotiated this paper to the defendants freed from the equities between him and Birch, the real owner. He had been intrusted with it as a pledge by the owner, and so held it at the time he sold it to the defendants. It was negotiable paper. The owner had placed it in such a situation that it might be taken and disposed of by Sanford to an innocent party, and, as we think the record shows, without observing the ordinary caution of business men ; and if he has been defrauded by Sanford he cannot be heard to complain, unless it shall be found that the defendants' purchase was not in good faith.

Plaintiff's counsel claim that the certificate was due when issued, and that so long a time had elapsed since its issue that when Fisher & Preston acquired it, it was presumably dishonored paper, and they did not acquire the right of bona fide holders. *Tripp v. Curtenius* 36 Mich. 496, sustains the first of these propositions. If, however,·the ques-

tion were an open one, we should be inclined to think that
such a certificate does not become due until payment is de-
manded, as held in *Bellows Falls Bank v. Rutland Bank*
40 Vt. 377, and *Howell v. Adams* 68 N. Y. 314; but
whether this be so or not, it is unnecessary to determine in
this case; however, all the authorities agree that such paper
is properly payable only upon return and presentation of
the certificate, and an innocent purchaser for value and with-
out notice of equities, within a reasonably short time, is
entitled to the rights of a bona fide holder.

In view of the purposes of this kind of paper and the
commercial usages in respect to it, the situation of the par-
ties, and the facts appearing upon the record, we do not
think the lapse of thirty-one days sufficient to raise the pre-
sumption that the paper had been dishonored; and, had the
testimony left the case here, we should not feel disposed to
disturb the judgment at the circuit.

Counsel for plaintiff, however, insist that the testimony
in this case raised the question of good faith on the part of
the defendants in making their purchase of the certificate,
and it should have been submitted to the jury.

In considering this point it must be remembered the case
is not one of equities asserted in favor of the maker of
negotiable paper, but whether Birch lost title to his certifi-
cate.   That he never parted with the title is certain, if his
own evidence is to be believed.   The defendants get it, if
at all, because he, by his carelessness, has put another in
possession of his endorsement, with legal power to dispose
of the paper, and the defendants may have title if they took
the paper in good faith, in reliance upon the endorsement
and without negligence.   Have they done so ?   Does Pres-
ton's evidence show it ?   On the contrary, does it not appear
affirmatively from his evidence that plaintiff's endorsement
was not verified to him, and he did not take in reliance
upon it ?   Apparently he knew nothing of plaintiff, and he
made no inquiry concerning him.   A stranger presented
him the certificate, with the plaintiff's name upon it; and
instead of having the signature verified, and taking the

paper in reliance upon it, he requested the stranger to give him an endorser he knew, and then bought it, in reliance, evidently, upon that endorsement. Prima facie, at least, that was the case. This, in connection with some other testimony appearing in the record, which it is unnecessary herein to state, made it quite proper to submit the case to the jury.

The judgment must be reversed with costs and a new trial granted.

GRAVES, C. J. and CAMPBELL, J. concurred.

COOLEY, J. I concur in the result.