In the Matter of the Estate of HENRY BALDWIN, Deceased. CHARLES TUBBS, as Ancillary Administrator of JAMES TUBBS, Deceased, Appellant; JEROME S. WARNER, as Administrator of SABRINA WARNER, Deceased, et al., Respondents.

1. CERTIFICATE OF DEPOSIT — WHEN OSTENSIBLE MEMBER OF PARTNERSHIP SIGNING CERTIFICATE INDIVIDUALLY ALSO LIABLE AS SURETY. A certificate of deposit, payable in current funds, signed by a banking firm and by a person who, although not a member of the firm, permitted his name to be used to give the bank credit and to secure any creditors thereof, is a negotiable instrument; and, notwithstanding the fact that such person is liable thereon as an ostensible partner, he is also liable individually as surety; and where, after his death and the failure of the firm, his estate is insufficient to pay his individual and firm debts in full, the holder of such certificate is entitled to be paid out of the estate before any part thereof can be applied upon the debts of the firm.

2. NOT LIABLE FOR DEPOSIT MADE BY ACTIVE PARTNER AS EXECUTOR. His estate, however, is not liable for a deposit made with the firm by the active member thereof as executor, in the absence of a written agreement to that effect, since the latter knew that no partnership in fact existed, and, therefore, even as executor he could not have dealt with the firm on the faith of the former's connection therewith.

*Matter of Baldwin*, 57 App. Div. 621, modified.

(Argued February 10, 1902; decided March 4, 1902.)

APPEAL from a judgment entered upon an order of the Appellate Division of the Supreme Court in the fourth judicial department, made December 18, 1900, which affirmed a decree of the Steuben County Surrogate's Court in a proceeding to sell the real estate of Henry Baldwin, deceased, for the payment of his debts.

The facts, so far as material, are stated in the opinion.

*Frederick Collin* and *James Bacon* for appellant. Henry Baldwin as an individual did not become obligated to Sabrina Warner by force of the certificates unless he agreed to be bound thereby. (*Bedlow* v. *N. Y. F. D. Co.*, 112 N. Y. 263; *Burger* v. *Burger*, 111 N. Y. 523; *Kennedy* v.

*Porter,* 109 N. Y. 526; *Heilbronn* v. *Herzog,* 165 N. Y. 98.) The instruments delivered to Sabrina Warner do not create any agreement upon the part of Henry Baldwin to pay to Sabrina Warner the amount of either thereof. (*Smiley* v. *Frye,* 100 N. Y. 252; *Payne* v. *Gardiner,* 29 N. Y. 146; *Howell* v. *Adams,* 68 N. Y. 314; *Nat. Bank* v. *Nat. Bank,* 5 Hun, 605; *Boughton* v. *Flint,* 74 N. Y. 476; *Munger* v. *A. C. Nat. Bank,* 85 N. Y. 580; *Cottle* v. *Marine Bank,* 166 N. Y. 53; *Read* v. *Marine Bank,* 136 N. Y. 454; *Durham* v. *Manrow,* 2 N. Y. 543; *Hall* v. *Farmer,* 5 Den. 484; *Curtis* v. *Leavitt,* 15 N. Y. 9.) If the court finds an agreement on the part of Henry Baldwin obligating him to pay the certificates, such agreement must under the evidence and law be that of an indorser. (L. 1897, ch. 612; *Herring* v. *Woodhull,* 29 Ill. 92; 4 Am. & Eng. Ency. of Law [2d ed.], 259; *Morris* v. *Husson,* 4 Sandf. 93; *Groth* v. *Gyzer,* 31 Penn. St. 271; *Dwight* v. *Scoville,* 2 Conn. 654; *Coon* v. *Pruden,* 25 Minn. 105; *Benedict* v. *Coppee,* 5 Duer, 226; *Phipps* v. *Harding,* 70 Fed. Rep. 468; *Deringer* v. *Miller,* 7 App. Div. 409; *Bank* v. *Darling,* 91 Hun, 236.) Any apparent obligation imposing liability upon Henry Baldwin as an individual is wholly without consideration. (*Strong* v. *Sheffield,* 144 N. Y. 392; *F. Nat. Bank* v. *Weston,* 25 App. Div. 414; *White* v. *Rintoul,* 108 N. Y. 222; *Brandt* v. *Krank,* 164 N. Y. 515.) The surrogate erred in decreeing that the claim of Lucius Manley as executor was enforceable against the estate of Henry Baldwin. (*Baldwin* v. *Burrows,* 47 N. Y. 199; *C. C. S. Bank* v. *Walker,* 66 N. Y. 424; *Belton* v. *Hatch,* 109 N. Y. 593; *Thompson* v. *Nat. Bank,* 111 U. S. 529; *Cragie* v. *Hadley,* 99 N. Y. 131; *Nat. S. Bank* v. *Cushman,* 121 Mass. 490; *Willard* v. *Denise,* 50 N. J. Eq. 482.) The action of Manley and Baldwin as executors against James Baldwin was by said executors an election of remedies estopping them from making claim against the estate of Henry Baldwin, deceased. (*Fowler* v. *Savings Bank,* 113 N. Y. 450; *Roberts* v. *Ely,* 9 N. Y. S. R. 796; *Drennan* v. *Boice,* 19 Misc. Rep. 641.)

*James H. Stevens, Charles W. Stevens* and *John F. Park-hurst* for respondents. The Warner certificates of deposit signed by Henry Baldwin are his individual debt. (*Miller* v. *Austin*, 13 How. [U. S.] 218; *Pardee* v. *Fish*, 60 N. Y. 265; *Barnes* v. *O. Bank*, 19 N. Y. 152; 2 Daniel on Neg. Inst. 604; *Read* v. *Marine Bank*, 136 N. Y. 459; *Clark* v. *House*, 17 N. Y. 779; *Sheehy* v. *Mandeville*, 6 Cranch, 264.) Henry Baldwin signed these certificates as maker, not as indorser. (*Coulter* v. *Richmond*, 59 N. Y. 478.) These certificates, as individual obligations of Henry Baldwin, are payable out of his individual estate, *pro rata* with other individual creditors, and before any partnership debts participate therein. (*Matter of Gray*, 111 N. Y. 404; *Wilder* v. *Keeler*, 3 Paige, 168; *Morgan* v. *Skidmore*, 3 Abb. [N. C.] 92; *Stewart's Case*, 4 Abb. Pr. 408; *Egberts* v. *Wood*, 3 Paige, 517; *Payne* v. *Mathews*, 6 Paige, 20; *Kirby* v. *Schoonmaker*, 3 Barb. Ch. 46; *Murray* v. *Murray*, 5 Johns. Ch. 60; *Robbins* v. *Cooper*, 6 Johns. Ch. 186; *Jackson* v. *Cornell*, 1 Sandf. 348.) The Manley claim is not barred from participation in the estate of Henry Baldwin from the mere fact that a judgment thereon was obtained against James Baldwin individually after Henry's death. (*Hotopp* v. *Huber*, 160 N. Y. 532; *Roe* v. *Hume*, 72 Hun, 1; 2 Collyer on Part. 1077, 1078; *Fowler* v. *B. S. Bank*, 113 N. Y. 450; *Russell* v. *McCall*, 141 N. Y. 449; *Sanford* v. *F. Nat. Bank*, 60 Hun, 484; *Crossman* v. *U. R. Co.*, 127 N. Y. 34.)

CULLEN, J. The proceeding was brought to direct the sale of the real estate of Henry Baldwin, deceased, for the payment of his debts. The learned surrogate has found that in the year 1880 it was agreed between Henry Baldwin, the deceased, and one James Baldwin and one Sarah Weatherby that the said James Baldwin should operate a bank known as " James Baldwin & Co. Bank," he to furnish all the capital and to have all the benefits therefrom and neither said Weatherby nor said Henry Baldwin to have any of the profits of the business. But to give the bank credit and to secure the

payment of any creditors it was to be carried on under the name of James Baldwin & Company and the names of James Baldwin and Henry Baldwin were printed on the letter-heads of the bank which were used in its business and distributed throughout the community. Mrs. Weatherby died in 1892, leaving a will of which James Baldwin and Lucius N. Manley were the executors. Subsequently the bank failed and afterwards Henry Baldwin died. His estate was insufficient to pay all the claims against it, his personal debts and the claims against him as an ostensible member of the firm of James Baldwin & Company. The decree of the surrogate directed that the proceeds of the sale of said Henry Baldwin's real estate should be first applied to the payment of his individual creditors and the surplus to the payment of the creditors of the firm of James Baldwin & Company. It also determined the amount and character of the several claims. The appellant is a firm creditor and he objects to the decree in two particulars : *First,* in so far as it held that the claim of the administrator of Sabrina Warner was an individual debt of the deceased ; *second,* so far as it held that a deposit made in the bank by James Baldwin as executor of Mrs. Weatherby was a liability of the estate at all.

Mrs. Warner had been a depositor in the bank for some years, holding its certificates of deposit, bearing interest, signed James Baldwin & Company. In 1895 she had difficulty in collecting her interest, only part being paid, the bank being evidently in financial difficulty. She was asked for leniency and consented to surrender the certificates of deposit then held by her on receiving new ones signed not only by James Baldwin & Company, but by Henry Baldwin, the deceased. These were in the following form :

" CERTIFICATE OF DEPOSIT.   JAMES BALDWIN & CO., BANKERS.   $1,000.   no–100.
                                " ADDISON, N. Y., *June* 20, 1895.

" Mrs. S. Warner has deposited in this bank One Thousand dollars payable to the order of herself in current funds as specified below on return of this certificate properly endorsed

6 mos. after date with 4 per cent. interest, 12 mos. after date with 5 per cent interest, — mos. after date with — per cent. interest.

" No interest after time specified.

" No. 710.        (Signed)   JAMES BALDWIN & CO.

"HENRY BALDWIN."

It is contended by the appellant that Henry Baldwin assumed no individual liability by subscribing his name to these certificates; that the instruments are not promissory notes, but merely certificates of deposit; that they acknowledge a receipt of the funds by the bank, not by Henry Baldwin individually, and that, therefore, Mrs. Warner's administrator should share only ratably with the other firm creditors. If we assume that the instruments are mere certificates of deposit we think that does not relieve the estate of Henry Baldwin from liability as for his individual debt. While it may be that the obligation to repay the amount represented by the certificates does not proceed from any express promise in the instruments, but springs from the duty imposed by law, nevertheless the certificates are negotiable instruments upon which an action could be maintained. (*Pardee* v. *Fish*, 60 N. Y. 265; *Miller* v. *Austen*, 13 How. U. S. 218; *Nat'l Bank of Fort Edward* v. *Wash. Co. Nat. Bank*, 5 Hun, 605. See Daniels on Negotiable Instruments, § 1698 *et seq.*) In the case in this court Judge MILLER said : " Even although a demand was necessary upon the bank before an action could be brought against it on the instrument, thus distinguishing the case from that of a promissory note, where the maker may be sued without any demand, I do not think that this fact takes away the negotiable character of the instrument under the decisions cited, and it must, therefore, be considered as possessing all the features of a negotiable promissory note." The statement contained in one of the opinions in *Hotchkiss* v. *Mosher* (48 N. Y. 478), that such a certificate is a mere receipt, must be considered as overruled by the case from which I have quoted. If these instruments had been promissory notes, though in terms purporting to express only an obligation upon

the part of James Baldwin & Company or his bank, still by signing his name thereto Henry Baldwin would have become liable as a surety. (*Parks* v. *Brinkerhoff*, 2 Hill, 663.) If there is no substantial difference between negotiable certificates of deposit of the character of those now before us and promissory notes, except as to the running of the Statute of Limitations, the same doctrine must prevail here and Henry Baldwin be deemed a surety. While it is true that he would have been liable as an ostensible member of the firm of James Baldwin & Company, the depositor had the right to obtain the additional security of his individual responsibility (*Matter of Gray*, 111 N. Y. 404), and the evidence shows that it was this which she insisted on having. The decrees of the courts below were, therefore, right in this particular.

We do not see any ground on which the allowance of the deposit of James Baldwin, as executor of Mrs. Weatherby, in the bank, as a claim against the estate of Henry Baldwin, can be sustained. There was no partnership in fact between James Baldwin and Henry Baldwin, and this is in effect the finding of the surrogate. To give credit to James Baldwin, Henry Baldwin allowed himself to be held out as a partner; therefore, he became liable to all persons who might deal with the bank on the faith of his supposed connection therewith. But this deposit, if it may be properly so called, was made by James Baldwin, the executor, in his own bank; in other words, with himself. He knew perfectly the relations of Henry Baldwin to the business and that he was not a partner nor interested therein. The surrogate has found that James Baldwin made the deposit (in reality retained the money) in the belief that Henry Baldwin would thereby become responsible therefor to the estate of which James was the representative. Granting that such was the belief of the parties, this could not create any liability on the part of Henry. The debt or default occasioned by the failure of the bank was the default of James, and, under the Statute of Frauds, Henry could not be liable for it unless he had contracted to that effect in writing. The doctrine on which the claims of other creditors were properly

upheld is not that Henry was liable for the default of James, but that the credit was originally extended to both James and Henry, a doctrine which can have no application to this claim.

The judgment appealed from should be modified so as to strike out the provision establishing the claim of the estate of Mrs. Weatherby, and, as modified, affirmed, without costs to either party.

PARKER, Ch. J., GRAY, O'BRIEN, BARTLETT, HAIGHT and WERNER, JJ., concur.

Judgment accordingly.