## BINGHAM, RECEIVER, *v.* NEWTOWN BANK ET AL.

[No. 9,452. Filed January 8, 1918. Rehearing denied February 19, 1918. Petition to transfer withdrawn March 25, 1918.]

1. BILLS AND NOTES.—*Certificate of Deposit.—Negotiability.*—Certificates of deposit when made in negotiable form are negotiable, and subject in general to the rules governing negotiable paper. p. 268.

2. BILLS AND NOTES.—*Certificates of Deposit.—Negotiability.—Contingencies.*—The fact that money deposited with a bank was made payable on the return of a certificate of deposit was not such a contingency as affected the negotiable character of the instrument. p. 269.

3. BILLS AND NOTES.—*Certificate of Deposit.—Negotiability.—Place of Payment.*—An instrument issued by an Indiana bank at the top of which, above the name of the bank, appeared the words, "Certificate of Deposit," certifying that a named company had deposited "in this bank" a specified sum of money, "payable to the order of self," and due on a certain date, "on the return of this certificate properly endorsed," sufficiently showed, as required by the statute existing in 1912 in order that the instrument be negotiable that it was payable at an Indiana bank, and it was negotiable as an inland bill of exchange. p. 269.

4. BILLS AND NOTES.—*Certificate of Deposit.—Pleading.—Holder in Good Faith.*—That plaintiff was a purchaser in good faith of a certificate of deposit, negotiable as an inland bill of exchange, before maturity, for value and without notice of any defenses or claims in due course, was a sufficient reply to an answer alleging that the certificate was negotiable without the authority of the payee. p. 270.

From Fountain Circuit Court; *Isaac E. Schoonover,* Judge.

Action by James Bingham, receiver of the Columbia Casualty Company, against the Newtown Bank, in which one Rudolph C. Keller intervened. From a judgment for the intervener, Keller appeals. *Affirmed.*

*Bingham & Bingham* and *Charles M. McCabe,* for appellant.

*C. W. Dice, Adams, Follansbee, Hawley & Shorey, Clyde E. Shorey* and *John E. Gavin,* for appellees.

IBACH, C. J.—Appellant brought this action against the Newtown Bank to recover upon a certificate of deposit as follows:

> "Certificate of Deposit.
> "Newtown Bank      $245.00
> "Newtown, Indiana, October 2, 1912.
> "This certifies that Columbia Casualty Company has deposited in this bank two hundred and forty-five and no/100 dollars, payable to the order of self, due August 5, 1913, on the return of this certificate properly endorsed.
> "T. C. Shultz, Cashier."

Rudolph C. Keller was admitted as a party defendant upon his intervening petition, and he filed a cross-complaint claiming to be the owner of the certificate. Various issues were joined on the complaint and on the cross-complaint. On trial of the issues the court found that Keller was the owner of said certificate of deposit and that neither appellant nor the Newtown Bank had any interest therein; that he should have judgment against the bank for $271.53, and there was judgment accordingly.

The errors assigned and relied on for reversal are the overruling of appellant's demurrer to the second paragraph of reply of appellee Keller to the second and third paragraphs of appellant's answer to the cross-complaint of said Keller, and the overruling of appellant's motion for a new trial.

The first assigned error raises the question of the negotiability of the instrument sued on. Appellant very earnestly contends that such instrument is non-negotiable under the law merchant. It is claimed that it is not negotiable as an inland bill of exchange, as it "was not by its terms payable in a bank of Indiana," and that the words "on return of this certificate properly endorsed" do not fix the place of payment of said certificate and are mere surplusage, otherwise the time would be rendered indefinite and it would not be negotiable on account of such indefiniteness of time of payment. On the other hand, appellee contends that the instrument is negotiable; that it definitely names the time of payment, and there is no condition of uncertainty as to the obligation imposed upon the maker to pay the sum due; that the paper was issued by a bank in this state and it cannot be doubted that Indiana banks have a regular and established place of business, and that the regular and established place of business of the Newtown Bank is located, as the instrument states, at Newtown, Indiana.

The decided weight of authority is that a certificate of deposit when made in negotiable form is negotiable, and subject in general to the rules of

1. negotiable paper. *Krieg* v. *Palmer Nat. Bank* (1912), 51 Ind. App. 34, 38, 95 N. E. 613; *Miller* v. *Austen* (1851), 13 How. 217, 14 L. Ed. 119; *Hatch* v. *First Nat. Bank, etc.* (1900), 94 Me. 348, 47 Atl. 908, 80 Am. St. 401; *Birch* v. *Fisher* (1883), 51 Mich. 36, 16 N. W. 220; *Matter of Baldwin* (1902), 170 N. Y. 156, 63 N. E. 62, 58 L. R. A. 122; *Johnson* v. *Henderson* (1877), 76 N. C. 227; *Bellows Falls Bank* v. *Rut-*

*land Co. Bank* (1867), 40 Vt. 377; 7 Cyc 535; 5 Am.
and Eng. Ency. Law (2d ed.) 805.

The fact that the money deposited with the bank
was made payable on return of the certificate was not
such a contingency as affected the negotiable
2. character of the instrument. *Citizens' Nat.
Bank* v. *Brown* (1887), 45 Ohio St. 39, 42, 11
N. E. 799, 4 Am. St. 526; *Hunt* v. *Divine* (1865), 37
Ill. 137; *Smilie* v. *Stevens* (1866), 39 Vt. 315; *Bellows
Falls Bank* v. *Rutland Co. Bank, supra; Kirkwood* v.
*First Nat. Bank, etc.* (1894), 40 Neb. 484, 58 N. W.
1016, 24 L. R. A. 444, 42 Am. St. 683; *Cassidy* v. *First
Nat. Bank, etc.* (1882), 30 Minn. 86, 14 N. W. 363.

In answer to the claim that said certificate was
not by its terms payable in a bank of Indiana, while
we recognize that by virtue of the statute
3. as it existed at the time this certificate
was issued it was required of promissory
notes in order that they be negotiable as inland
bills of exchange that they be by their terms
payable in a bank of Indiana, yet we are of the
opinion that by the terms of the instrument in
suit it is brought within the statute as it then existed.
It is apparent from the face of the certificate that it
is the obligation of the Newtown Bank of Newtown,
Indiana; that it was issued for money deposited in
"this bank" and is payable "upon return of the cer-
tificate properly endorsed." In *Sanbourn* v. *Smith*
(1876), 44 Iowa 152, it was held that a certificate of
deposit made payable "on return of the certificate"
is payable at the place where the bank is located.
See, also, *Krieg* v. *Palmer Nat. Bank, supra*.

Having determined that the certificate of deposit
sued on is negotiable as an inland bill of exchange

it follows that the facts set up in appellee's reply, viz., that he was a purchaser in good faith, 4. before maturity, for value and without notice of any defenses or claims in due course, was a sufficient answer to the defense alleged by appellant that the certificate was negotiated without the authority of the payee. The court did not err in overruling the demurrer to said reply.

Since the filing of appellant's brief in this case the cross-complaint filed by appellee Keller was brought into the record by *certiorari* and the points under the motion for new trial made upon the theory that no cross-complaint was filed are admitted to have no bearing and will not be considered.

Other points raised under such motion would require a consideration of the evidence which is not before us, and therefore cannot be considered.

No reversible error being shown, the judgment of the trial court is affirmed. Judgment affirmed.

NOTE.—Reported in 118 N. E. 318.