THERESA SOMARELLI, Respondent, v. FRANK SOMARELLI, Appellant.— Order modifying a final decree of divorce, by increasing the alimony therein granted, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ., concur.

THE WILLIAMSBURGH SAVINGS BANK, Respondent, v. WALTER AVERY, Appellant; HARRY D. PORTNOI, Defendant.— Defendant Walter Avery appeals from an order made in an action of interpleader brought by the plaintiff against the appealing defendant and another. Order affirmed, with ten dollars costs and disbursements. No opinion. Hagarty, Carswell and Close, JJ., concur; Lazansky, P. J., and Taylor, J., dissent, vote to reverse the order appealed from, and to deny the plaintiff's motion for an interpleader, with the following memorandum: This is not a case for interpleader. The plaintiff bank is not an impartial stakeholder. The effect of the stipulation relating to brokerage, contained in the contract of sale, is to make the respondent liable to the defendant Avery therefor. The same stipulation makes the vendee an indemnitor of the respondent as against the claim of Portnoi for brokerage, if the respondent shall pay Avery. That circumstance, however, does not place the respondent in the position of one who rightly seeks to avoid a double payment where only one brokerage is due. The respondent may be liable to both claimants. By the stipulation, in effect the respondent determined for itself that it was liable to Avery and incurred such liability to him. The respondent should be held to that obligation and left to its remedy under the indemnity thus provided by the vendee, if subsequently the respondent shall be held liable to Portnoi.