SAMUEL L. NORMAN et al., Doing Business under the Name of NORMAN-HEGARTY Co., Respondents, v. OAKLAND GOLF CLUB, Respondent, and LAURENCE B. HALLERAN, Doing Business as HALLERAN AGENCY, et al., Appellants.— In

an action to recover brokers' commissions, two other brokers appeal from an order interpleading them. Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. The agreement which defendant-respondent made with appellants simultaneously with the agreement made with the purchaser, recites the execution of that agreement and the indemnification of defendant-respondent agreed to by the purchaser, and provides that those agreements were the consideration for the agreement then made by defendant-respondent to pay appellants $90,000. Appellants' claim is based on that special agreement to pay, which was supported by consideration. Plaintiffs-respondents' demand is for commissions claimed to have been earned. Appellants can rest on the agreement which the defendant-respondent made with them, and in the absence of any request by said respondent for rescission on the ground that there was fraud or mistake which induced the agreement, it is obligated to pay the $90,000 to appellants. *Williamsburgh Sav. Bank* v. *Avery* (260 App. Div. 1047) is not controlling. There the insert signed by the broker was, so far as the broker was concerned, specifically stated to be but the memorial of the original employment of the broker. It was not a new agreement supported by a new consideration moving to the seller. By the order appealed from, appellants will be deprived of any benefit as evidence from the execution of the contract of purchase between defendant-respondent and the purchaser and the contract which appellants executed with said respondent. Plaintiffs can urge that those contracts do not bind them. Interpleader should not have been granted. Nolan, P. J., Wenzel, MacCrate and Schmidt, JJ., concur; Beldock, J., dissents and votes to affirm, with the following memorandum: On October 17, 1952, defendant-respondent contracted to sell certain property to one Pickman. In the contract the purchaser represented to the seller that appellants brought about the sale and also agreed to deliver to the seller an agreement indemnifying the seller against any loss by reason of any claim by any other broker for commissions on the sale. On the same date as the contract of sale was entered into, defendant-respondent signed an agreement with appellants, which recited the contract of sale, the representation by Pickman that appellants were the sole brokers who brought about the sale, and the indemnity agreement, and then provided that, "in consideration of the premises", defendant-respondent shall pay to appellants, and appellants shall accept, $90,000 "as and for the full amount of their brokerage commissions due in connection with such sale", which commissions were to be paid on closing, set for March 2, 1953, by the contract of sale. On February 2, 1953, this action was commenced by plaintiffs-respondents claiming brokerage commissions of $119,400 on the theory that they had procured Pickman as the purchaser. Defendant-respondent thereupon moved, pursuant to section 287 of the Civil Practice Act, to interplead appellants, to deposit $90,000 into court, and to remain as a defendant only to defend against plaintiffs-respondents' claim in excess of $90,000. The motion was granted and the interpleaded defendants appeal. In my opinion, this case presents the usual one of two sets of brokers claiming brokerage commissions, each alleging to have been the procuring cause of the sale to the same purchaser of the same property. In such event interpleader is not only required, but is the only proper and just result. (*Vought, Campbell, Ward & Co.* v. *Rowland,* 261 App. Div. 971, and cases therein cited; *Williamsburgh Sav. Bank* v. *Avery,* 260 App. Div. 1047; *Trembley* v. *Marshall,* 118 App. Div. 839; *Rasines* v. *Ives,* 85 App. Div. 483.) To hold, as does the majority, that, in addition to the defendant-

respondent's liability to plaintiffs-respondents for brokerage commissions, it is also liable to appellants for $90,000, not because appellants were the procuring cause of the sale, but because defendant-respondent received a "new consideration" in the form of an indemnity agreement, is to pay homage to form rather than substance. To expose defendant-respondent to this possibility of double liability is both harsh and in clear disregard of the provisions of the contract between said respondent and appellants that the $90,000 was to be paid to appellants, not in consideration of the indemnity agreement, but "as and for * * * their brokerage commissions due in connection with such sale". In my opinion, this express provision in the contract means that appellants may not recover the $90,000 unless they prove that they were the procuring cause of the sale, despite the promise to pay therein contained. (*Bellesheim* v. *Palm,* 54 App. Div. 77.)