Herbert D. Hamm, J.
In this case the plaintiff gave a postdated check to the defendant Rochelle Peggy Ricca for commission on the sale of his property. When the defendant Sewell made claim for commission the plaintiff stopped payment on the check.
The defendant Ricca raises an issue as to the power of a court to grant an injunction when an interpleading plaintiff resorts to subdivision 2 of section 285 of the Civil Practice Act although there is pending against him an action by one of two claimants. This issue will not be reached until it is determined whether interpleader will lie at all.
A contract signed by the plaintiff, the defendant Ricca and the purchaser provided in part:
“ Received from Dr. Edmund Tomaselli of 111-36 134th Street, South Ozone Park, Long Island, N. Y. the sum of Five-thousand-dollars Dollars as deposit on account of purchase price of premises & Operating Dental Equipment & Dental practice & Home of Dr. Ferdinand Heene & Mrs. Heene RFD. Box 542, Woodstock, N. Y. on the following terms and conditions: TERMS: ‘ ‘ Purchase Price is $45,000.00 payable as follows: $15,000 cash (including above deposit) on the signing of the formal contract as hereinafter provided. * * *
The parties agree that Mrs Rochelle Ricca/Relaty Exchange Co. 139-06 Pershing Ores. Jamaica, as broker brought about this sale and the seller agrees to pay the usual brokerage commission $3,000.00.”
The purchaser’s down payment of $5,000 was made by the medium of a check payable to the defendant Ricca which she *120 indorsed and delivered to the plaintiff. She claims that the down payment was made in consideration of the issuance and delivery of a check for commission by the plaintiff to her. It appears that the payment was merely in pursuance of purchase and that no independent liability was created (Williamsburgh Sav. Bank v. Avery, 260 App. Div. 1047). This case was cited with approval in Norman v. Oakland Golf Club (282 App. Div. 960, affd. 307 N. Y. 873). Norman v. Oakland Golf Club (supra), in which inter-pleader was denied, is relied on by the defendant. It is distinguishable. In Norman there were two separate and distinct contracts, one between the seller and the purchaser and another between the seller and the brokers. The seller’s contract with the brokers provided:
“ Whereas, said Morton Pickman [purchaser] has represented to the party of the first part that the parties of the second part are the only brokers who brought about such sale, and said Morton Pickman and others are indemnifying the party of the first part against the possible claims, including counsel fees, of any other broker in connection with such sale.
“Now Therefore, in consideration of the premises, it is mutually agreed as follows:
‘11. That the party of the first part shall pay Ninety Thousand ($90,000.00) Dollars to the parties of the second part jointly, and the parties of the second part shall accept the said Ninety Thousand ($90,000.00) Dollars as and for the full amount of their brokerage commissions due in connection with such sale.”
As the court pointed out (p. 961), the agreement which the seller made with the brokers simultaneously with the agreement made with the purchaser not only recited the execution of the agreement between the seller and the purchaser and the indemnification of the seller agreed to by the purchaser but specifically provided that those agreements were the consideration for the seller’s promise to pay commission to the brokers. Blonstein v. 241 Fifth Ave Corp. (155 N. Y. S. 2d 98) is also not controlling here.
The statement ‘ ‘ The parties agree that Mrs Rochelle Ricca/ Relaty Exchange Co. 139-06 Pershing Ores. Jamaica, as broker brought about this sale ” may be construed as an admission by the plaintiff but it is evidentiary and not conclusive. The plaintiff states in his affidavit that he was assured by the defendant Ricca’s lawyer in the defendant’s presence that “ it was proper and within the real estate code and the law for him to do business with the defendant Ricca and to sell his property to the purchaser Tomaselli ” and further that “ relying upon the aforesaid assurances ” he signed the agreement. The fact that the purchaser *121 also signed the agreement containing the afore-mentioned clause does not preclude an issue of fact as to who was the procuring cause (Williamsburgh Sav. Bank v. Avery, 260 App. Div. 1047, supra; Leventhal v. Roslyn Manor, 142 N. Y. S. 2d 478). In Williamsburgh Sav. Bank v. Avery (supra) the purchaser’s contract provided: “ The purchaser represents that Walter Avery, of 105 Court Street, Brooklyn, N. Y., is the only person who was authorized by me to make any offer with respect to the purchase of said property, & that he and none other brought about this sale.”
The defendant B-icca further contends that under section 54 of the Negotiable Instruments Law she has an independent claim. She states “ that failure of consideration is not a defense to an action on a negotiable instrument if the alleged failure concerned itself with facts known to the maker at the time the instrument was given ” and that the plaintiff admits in his affidavit that he knew of the facts at the time he issued the check. She relies on Empire Coal Sales Corp. v. Platt (255 App. Div. 791). I am not required to pass on this issue of an alleged additional independent liability of the plaintiff to the defendant Ricea. The issue may be required to be litigated in the action pursuant to subdivision 6 of section 285 of the Civil Practice Act, which provides: ‘ ‘ Where the issue of an independent liability of the stakeholder to a claimant is raised by the pleadings or upon motion, the court may dismiss the cause of action against the appropriate claimant, order a severance of the action or separate trials, or require the litigation of the issue in the action.”
The defendant also raises the objection that “Both parties must claim the same thing, else there is no 1 stake ’.” Subdivision 5 of section 285 provides: “ It is not ground for objection to interpleader that the claims of the several claimants or the titles on which their claims depend do not have a common origin or are not identical but are adverse to and independent of one another, or that the stakeholder avers that he is not liable in whole or in part to any or all of the claimants.”
By this subdivision the classic technical requirement of identity has been abolished.
So I return to the issue of power to grant an injunction. Section 285 of the Civil Practice Act provides:
‘ ‘ 2. Action of interpleader. A stakeholder may bring an action of interpleader against two or more claimants.
“ 3. Defensive interpleader. A defendant stakeholder may bring in a claimant not a party to the action by serving as an interpleading plaintiff upon such claimant a summons and a verified complaint, together with a copy of any other pleading in *122 the action. The interpleaded defendant may serve an answer upon the interpleading plaintiff’s attorney and the plaintiff’s attorney within txventy days after service of the summons and interpleading complaint.
“ 4. Effect of pendency of another action against stakeholder. If a stakeholder seeks to bring in a claimant pursuant to subdivision three and there is pending in a court of this state an action between the claimant and the stakeholder for the same cause, the appropriate court on such terms as may be just, upon motion on notice to all parties by the stakeholder, may dismiss the interpleader complaint and order consolidation or joint trial of the actions, or require the claimant to interplead and stay such pending action until final disposition of the action in which interpleader is granted and may make such further order as may be just and proper. The provisions of section ninety-seven relating to consolidation or joint trial shall apply to any inter-pleader order under this subdivision. ’ ’
Under subdivision 4 provision for a stay is made; under subdivision 3 there is no such provision, as no occasion for a stay would arise, and subdivision 2, omitting provision- for a stay, may perhaps be regarded as somewhat equivocal. However, in Bender’s New York Practice (Vol. 1, § 13.02, par. 10, p. 781), the editors say: ‘ ‘ Under the previous statute it was held that where an application was made for interpleader and it appeared that actions were pending against the stakeholder, a temporary injunction might be granted restraining the prosecution of those actions. In one case, at least, that is still the rule. As was pointed out in the preceding paragraph of this section, where there are two or more actions pending against the stakeholder, the court may require the plaintiff in the action in the court of least jurisdiction to interplead in the other action and may stay the pending action until the final disposition of the one in which interpleader is granted. It would seem, however, that the court could go further than that. In any case, where the rights of the stakeholder might be jeopardized by hasty action, it would seem that the court would have power to grant a stay or a temporary injunction restraining the prosecution of the action at least until the rights of the stakeholder could be protected in some other way.”
Although the nonstatutory equitable remedies have been abolished as confusing and unnecessary (Civ. Prac. Act, § 285, subd. 10), I agree with the editors that I have such inherent power.
However, in deciding as I am about to do, I do not hold that subdivisions 2 and 3 are mutually exclusive, as I am not required *123 to reach this issue. By proceeding under subdivision 2 and moving for a stay effective during the pendency of the interpleader action the plaintiff seeks ipso facto a change of venue from Queens County to Ulster County. Of course, if I were to grant an order enjoining the prosecution of the Queens County action during the pendency of this action the order would state that it was made without prejudice to a motion for change of venue of the Ulster County action to Queens. But the Queens County action was first instituted and the burden of changing the venue from Queens County to Ulster County should be on the plaintiff herein. When there was available in subdivision 3 the simpler remedy of medial interpleader requiring no application to the court and eliminating any doubt concerning the procedure to be followed, the plaintiff might well have adopted the defensive remedy instead of attempting to obtain a change of venue through the medium of a motion to stay all proceedings in the Queens County action pending the disposition of his Ulster County interpleader action. But, when the rights of the plaintiff have been jeopardized by an action, the prosecution of the action should be stayed until his rights have been protected (1 Bender, New York Practice, § 13.02, par. 10, p. 781). The plaintiff’s motion is granted but, in the exercise of discretion and in the interests of justice, only to the extent hereinafter indicated. The plaintiff is granted a stay of proceedings in the Queens County action of 30 days after service on his attorney of a copy of the order to be entered hereon with notice of entry within which to proceed in pursuance of subdivision 3 of section 285 of the Civil Practice Act.
Submit order in accordance herewith on notice. All papers will be forwarded to the defendant’s attorney with the signed order.