Edward T. McCaffrey, J.
Motion pursuant to subdivision 6 of section 285 of the Civil Practice Act, by defendant Marine Midland Trust Company of New York (hereinafter called *337 Marine) and joined in by defendant Garvin, Bantel & Co. (hereinafter called Garvin) to dismiss the interpleader complaint herein as to it is granted, without prejudice to the rights of defendant Thacher to claim by answer or motion herein, or by any other proceeding, any and all defenses which may be available to him, or to assert any and all claims against any and all parties hereto as may become necessary and proper. It may be noted here that defendant Thacher does not object to the granting of the instant motion.
The interpleading plaintiff bank commenced this action and joined as defendants four purported claimants to a fund in excess of $5,500,000, against which fund plaintiff issued certain certificates of deposit now in the possession of defendant Marine. The basic cause of this proceeding is the apparent disappearance of assets of Manhattan Casualty Company (not a party hereto) of $5,000,000. This disappearance was effected, as stated by counsel for defendant Thacher, “ through financial variations of a kind that would take a computer to analize”. Defendant Thacher, as State Superintendent of Insurance and as liquidator, heretofore appointed, of Manhattan Casualty Company has, together with other governmental and private agencies for several months past, been conducting an investigation into the disappearance of these assets, and in the course of this investigation uncovered certain facts which lead said defendant’s assertion of a possible “ claim” to the funds here concerned. In summary, the complaint alleges that on or about January 21, defendant Garvin requested plaintiff to issue certificates of deposit (in effect, negotiable instruments; Pardee v. Fish, 60 N. Y. 265) in the amount of $5,500,000, due for the account of Manhattan Casualty Company, and to deliver them to Garvin. Garvin thereafter requested that the certificates be delivered to Marine against payment by Marine of that amount. On January 22, plaintiff also received a letter dated January 21 from Manhattan Casualty Company requesting plaintiff to issue $5,500,000 of certificates of deposits, and to deliver them to defendant Garvin against payment therefor. The payment was made to plaintiff and the certificates of deposit received by Marine. It may be noted that there was apparently no mention of the name of Manhattan Casualty Company to Marine or any of its officers, agents or employees during the course of this transaction, which was effected January 22, 1963. In May, 1963, defendant Thacher was appointed liquidator of Manhattan Casualty Company, and subsequently, during an investigation into the assets, Manhattan Casualty Company wrote form letters to various banks, including plaintiff, to inquire as to *338 the possession by said banks of any assets of Manhattan Casualty Company. The form returned by plaintiff indicated that Manhattan Casualty Company had on deposit with plaintiff on time deposit, $5,500,000 evidenced by certain described certificates of deposit. Subsequently, defendant Thaeher notified plaintiff of its receipt of that information, and by letter requested plaintiff not to pay out the funds reported by those certificates of deposit without prior notification to and approval by State Insurance Department. Subsequently on May 24, 1963, defendant Thaeher was appointed liquidator of Manhattan Casualty Company and vested with all of that company’s property and rights of action. The order of appointment provided, in pertinent part, that all persons were enjoined and restrained from further transaction of business with or disposing of property of Manhattan Casualty Company or doing or permitting any act or thing to be done which might waste any of Manhattan Casualty Company assets or property, or which might allow the obtaining of a judgment, attachment or lien against that corporation. Thereafter, on May 31, defendant Thaeher notified plaintiff of the issuance of that order and in that letter of notification stated that “ this office is now in receipt of information supporting the conclusion that at the time of the entry of the aforesaid liquidation order, Manhattan Casualty Company was the sole owner of the funds represented by said certificates of deposit. ‘ ‘ Under the circumstances any transfer of these Certificates or further lien or. encumbrance thereon would interfere with the performance of my statutory duty as Liquidator to assert claim to and collect all assets of the estate of Manhattan Casualty Company ’ ’. Defendant Marine replied to this letter on June 5 and noted that Manhattan Casualty Company was not its customer and did not participate in any transaction in connection with the certificates of deposit mentioned. It further noted that the certificates had been, in accordance with banking practices, negotiated by Marine subsequent to their original acceptance by Marine. It was noted that on January 23, the certificates were delivered to First National City Bank (not a party hereto) for the account of Wachovia Bank and Trust Company (not a party hereto) in return for which Marine received $5,500,000. Subsequently on April 5, the certificates of deposit (all of which had been issued in bearer form) came back into Marine’s possession during the course of certain transactions for the account of defendant Garvin. In these transactions, approximately $1,000,000 was paid by defendant Marine to First National City Bank for the account of another corporation (not a party hereto); on April 25, approximately *339 $3,000,000 was paid to plaintiff for the account of still another corporation (also not a party hereto); and on April 29, approximately $1,500,000 was paid to Bankers Trust Company for the account of yet another corporation (also not a party hereto). The letter further noted that Marine was still then holding the five bearer certificates as security for the moneys advanced by it. Subsequently, defendant Thaeher advised Marine by letter and telephone that its position as set forth in its prior letter was not modified. During this period of time, plaintiff notified defendant Thaeher that the form above mentioned as completed and returned to Thaeher did not adequately reflect the actual situation which prevailed as to the date of its completion. The letter noted that the certificates of deposit concerned were bearer certificates and consequently negotiable and therefore that when the form had been completed, plaintiff did not carry the amount of the certificates as a deposit to the credit of Manhattan Casualty Company but rather as an obligation running in favor of any holder of the certificate who might present it in accordance with its terms.
Defendant Thaeher replied to this letter in a vein identical to his report to Marine.
Subsequently, Garvin made application to this court to modify that provision of the order of May 24 so as to permit Marine to present the certificates to plaintiff for payment on their due date — July 22, 1963. That motion was opposed by defendant Thaeher and by plaintiff and, after oral argument, denied on the ground that for the relief requested to have been granted, the court would have had to determine that defendant Thaeher as Superintendent of Insurance did not have reasonable cause for proceeding in the manner concerned and that inasmuch as it did not appear that his actions were arbitrary or capricious, such relief could not then be granted.
As defendant Thaeher’s counsel then argued, the court’s powers were in that instance “ limited to reviewing the action of the Superintendent from the point of view of whether they were arbitrary or capricious ”. Thereafter this interpleader action was commenced by plaintiff to determine the “ claims ” to the funds in its possession as evidenced by the certificates of deposit still outstanding and now due for payment.
It should here be noted that a prompt determination by this court is essential for the continuance of defendant Garvin’s business. As a member firm of the New York Stock Exchange, said defendant is required to maintain a certain capital position at all times. Garvin is now in the position of owing Marine the $5,500,000 concerned. As security for these funds they *340 have only a disputed right to the certificates of deposit. Garvin has been advised by the New York Stock Exchange that the certificates of deposit (the assets against which the $5,500,000 loan from Marine may be balanced) is not “ good capital ” under rule 325 of the Exchange, it could not continue in business without increasing its capital by $5,500,000, to offset the loan, or vacating the claims against the $5,500,000 in certificates of deposit. Defendant Brandenburg has heretofore asserted that he is the sole owner of the outstanding capital stock of Manhattan Casualty Company and, accordingly, that he has claim to whatever assets of that company may be available. He has joined plaintiff in opposing the instant motion. The simple question posed on this motion, on the complicated facts present is whether, the purported “ claims ” of defendant Thacher and defendant Brandenburg justified the interpleader as stated by the Court of Appeals in Pouch v. Prudential Ins. Co. (204 N. Y. 281, 286): “ The courts of this state other than this court have also with substantial unanimity held that it is necessary to sustain an action of interpleader * * * to show that the alleged claims have * * * some reasonable basis on which to rest. While it has never been held that it is necessary to sustain an interpleader to show that a claimant will probably succeed in establishing his claim, a mere assertion of claim by another without alleging anything whatever on which to base it is not enough ’ ’. Further, subdivision 6 of section 285 of the Civil Practice Act allows the court to dismiss a cause of action in an interpleader action as against a claimant where there exists an issue of the “independent liability ” of the stakeholder to that claimant. Movant claims that as a holder in due course of certificates of deposit it is entitled, as a matter of law, to full recovery from plaintiff. And thus the action should be dismissed as to it for its claim is independent of any controversy between plaintiff and Marine’s codefendants.
The prior decision of this court wherein modification of the original order appointing defendant Thacher as liquidator was denied does not preclude granting the relief herein sought. There, the court stated, that its decision was predicated upon determination that evidence had not been presented that the Superintendent of Insurance was acting capriciously, or without reasonable basis to believe that the funds concerned were assets of Manhattan Casualty Company. The court there further stated that determination of that matter could not properly be made without a hearing on the questions of fact involved. This court is now presented with the necessity for determining whether questions of fact do exist concerning Marine’s status *341 as a holder in due course. Defendant Thacher has stated that he takes no position with respect to the rights of plaintiff and Marine as against each other and notes that “ there are substantial grounds for belief that Irving Trust Company is liable to the Liquidator of Manhattan Casualty Company, independently of the Certificates of Deposit ”.
However, defendant Thacher states that his investigation “ has not proceeded to such an extent that [he] * * * can reach a firm conclusion as to whether or not Marine Midland acquired the Certificates of Deposit in good faith and with no notice of defects of title ”. Accordingly, it is clear that, at most, defendant Thacher’s “ claim ” is a highly contingent one, wholly dependent upon the results of further investigation and can be properly characterized as “ a mere assertion of claim ” insufficient under the Pouch case to warrant denial of the relief herein requested. (See, also, Nelson v. Cross & Brown Co., 9 A D 2d 140.) Clearly, the substantial prejudice to defendants Garvin and Marine and the probable irreparable damage to defendant Garvin cannot be allowed based on this mere suspicion. Defendant Brandenburg has asserted no facts herein, other than his alleged ownership of the stock of Manhattan Casualty, upon which his claim is founded. The status of the certificates as negotiable instruments is undeniable (Pardee v. Fish, 60 N. Y. 265, supra; Matter of Baldwin, 170 N. Y. 156; Blessing v. First Nat. Bank of Silver Creek, 132 Misc. 514).
Marine’s status as holder in due course cannot be defeated by mere suspicions or reliance upon the possible results of investigation. Sufficient evidentiary matter has been introduced by Marine to sustain its status as such, and no direct evidence to the contrary has been adduced. Its claim, therefore, is independent of the claims of its codefendants, and the complaint must be dismissed as to it. (Hannah v. Manufacturers Trust Co., 104 App. Div. 90; see, also, Welch v. Bank of the Manhattan Co., 264 App. Div. 906; Norman v. Oakland Gold Club, 282 App. Div. 960, affd. 307 N. Y. 873.)