### BICKART *v.* HOFFMANN.

**(Common Pleas of New York City and County, General Term.    June 6, 1892.)**

1. EVIDENCE—TRANSACTIONS WITH AGENT.

    In an action by a broker to recover commissions for selling land, evidence of communications and negotiations between him and the purchaser's agent with respect to the sale is admissible to show the performance of services as a broker, and their value.

2. BROKERAGE—SALE OF LAND—QUESTIONS FOR JURY.

    There being evidence, in an action by a broker to recover commissions for selling land, tending to show that he had effected the sale, and the evidence as to whether or not the owner had employed another to make the sale being conflicting, the court properly refused to direct a verdict in favor of the vendor.

**3. BROKERS—BREACH OF DUTY—SALE AT LESS THAN AUTHORIZED PRICE.**

It is not a breach of duty on the part of a broker to submit offers to his principal to purchase at a price less than that at which he has been authorized to sell.

**4. SAME—RIGHT TO COMMISSIONS—COMPLETION OF CONTRACT.**

A broker is none the less entitled to commissions for selling land because he was not present when the vendor and purchaser made the contract, or because the vendor did not know at the time that he had effected the sale.

**5. SAME—INSTRUCTIONS—ASSUMING FACTS.**

An instruction, in an action by a broker to recover commissions for selling land, that, even if he was not present when the sale was consummated, it was the duty of the vendor "to ascertain from the purchaser who sent him there," was not objectionable as assuming the broker's employment, that the vendor had knowledge that he was negotiating a sale, and that inquiry would have disclosed that he had effected the sale, when the jury had been instructed that he was entitled to commissions if he was the "procuring cause" of the sale, and there was no request for a more specific charge as to his employment.

**6. SAME—INSTRUCTIONS—INTERPLEADER.**

In an action by a broker to recover commissions for selling land, it appearing that the vendor had paid another with knowledge of the broker's claim, there was no error in an instruction that the vendor was protected by the law, which authorized him to pay the money into court, and compel the broker and the other claimant to litigate their rights, since Code Civil Proc. § 820, provides that a defendant may, where a person not a party to the action makes a demand against him for the same debt or property, apply "for an order to substitute that person in his place, and to discharge him from liability to either, on his paying into court the amount of his debt."

**7. CONTRACTS—CONSIDERATION.**

Where a lease provided that the lessor should put the premises in good order, and, before the lessee entered, the lessor cut down a decayed flag pole, the lessee was not bound by an agreement to pay half the cost of replacing it, the promise being without consideration.

Appeal from city court, general term.

Action by Meyer Bickart against Michael E. Hoffmann. From a judgment entered on an order of the general term affirming a judgment entered on a verdict in favor of plaintiff, and affirming an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

*Lewis Sanders,* for appellant. *H. W. Unger, (Christian G. Moritz,* of counsel,) for respondent.

BOOKSTAVER, J. This action was brought to recover commissions which the plaintiff claimed to have earned as a real-estate broker in procuring the sale of certain premises belonging to the defendant. Upon the trial the defendant claimed that the sale was not effected by the plaintiff, but by one Samuel Hyman. There was but one exception to the introduction of evidence argued upon the appeal, and that was as to statements made by Hyman to the plaintiff. This was allowed by the court only so far as it appeared that Hyman was the agent of Mr. Scholle, the purchaser. Before the question was asked calling for this evidence, testimony had been given tending to show that Hyman was employed by Scholle as his agent and bookkeeper; therefore all communications or negotiations had with Hyman in legal effect were communications and negotiations with his employer, Scholle. All the communications and negotiations the plaintiff had with Hyman were with respect to the sale of this property. It is clear that all the plaintiff did pursuant to his employment in relation to such sale while the employment continued was competent evidence to prove the performance of services by the plaintiff as broker. In fact, that was the very subject of contention,—whether or not he had done anything as broker; and, if it was proper to show what he did, we think it was competent to show the conversations with Hyman, as agent for the purchaser, as a part of the service rendered, and also tending to show that those services were of value to the defendant. It needs no argument to show the fallacy of the contention that a broker can

recover only for services performed in the presence and hearing of his principal. If the latter must always be present when his agent acts or speaks, there can be no need of an agent. When the plaintiff rested, the defendant moved to dismiss the complaint, or direct a verdict in his favor, which was denied, and exception taken; and the same motion was made at the close of the case upon three grounds: (1) That the plaintiff was not the procuring cause of the sale; (2) because he authorized or requested Hyman to procure the sale of the property; and (3) because he had offered to get the property from the defendant for Mr. Scholle for less than Mr. Hoffmann had authorized him to sell it for. As to the first of these grounds it is sufficient to say that there was some evidence to support plaintiff's contention that he was the procuring cause of the sale to Mr. Scholle, and the finding of the jury upon that question of fact in the court below is conclusive upon us. Whether or not the plaintiff authorized or requested Mr. Hyman to procure the sale of the property was one of the questions in dispute on the trial, and was properly submitted to the jury. As to the third ground, it is true that the plaintiff, at Mr. Scholle's request, inquired of the defendant whether he would take $33,000, and afterwards whether he would take $34,000, for the property; but it does not appear from the evidence that in that respect he violated in any way his duty as broker in making these inquiries. In *Sibbald* v. *Iron Co.*, 83 N. Y. 386, the court of appeals, in speaking of a broker's duty to his principal, said: "He has no right to sacrifice the interests of the latter for the benefit of the buyer, and yet it may well be that the buyer and seller could only be brought to consent to a bargain by some moderate concession as to price, and that the broker acted fairly * * * in making the suggestion which is assailed as a violation of duty. All of these questions were fairly submitted by the court to the jury in its charge. It is not material that the plaintiff was not present when the contract was made between the defendant and the purchaser. It is sufficient if his communication with the purchaser were the cause or means of bringing him and the owner together, and that the sale resulted in consequence. The compensation is then earned, although the broker was not present at the sale. *Lloyd* v. *Matthews*, 51 N. Y. 124, 132. Nor is it material that the owner did not at the time know that his purchaser was the plaintiff's customer; it is sufficient that the purchaser is in fact such customer. Id. 133." While the jury, upon the facts in this case, might well have found in favor of the defendant, yet, in our opinion, there is sufficient evidence of employment by the defendant of the plaintiff as broker to sustain their finding on that question, as also on the question of whether or not the plaintiff was the procuring cause of the sale; and we see no reason for disturbing their verdict.

None of the exceptions to the judge's charge, we think, were well taken. The first exception is to that portion of the charge in which the judge said: "Therefore I instruct you that, even though Mr. Bickart was not present when the proposed purchase was consummated, it was the duty of Mr. Hoffmann to ascertain from the purchaser who sent him there." It is argued that this assumed, as conclusively proved—*First*, that Bickart was employed by Hoffmann to effect a sale, which was denied: and, *second*, that Hoffmann had some knowledge that plaintiff was negotiating a sale of the premises, which the latter denied; and, *third*, that inquiry of Hyman would have disclosed the fact that he came there at the instance of Bickart, which was also denied by Hyman and Scholle. This argument is not sustained by the charge. Before delivering that portion of the charge, the judge had charged the jury that, "if the efforts of Mr. Bickart were the means to bring Mr. Scholle and Mr. Hoffmann together, and the sale resulted in consequence thereof, I instruct you that the commissions were earned;" and it was followed by: "As I said before, I instruct you that if you should determine that Mr. Bickart was the procuring cause of this sale, he is entitled to his com-

mission;" which left the question as to whether or not the plaintiff was the procuring cause of the sale to be determined by the jury. And there was no request made by the defendant to charge more specifically in regard to the employment than had been done. And, as before shown, it was not necessary, in order to entitle him to recover, that the plaintiff should have been present when the contract was closed. The court also charged that "the law in such case protects the seller of the property,—in this instance by authorizing Mr. Hoffmann to pay the money into court, and then allow Mr. Hyman and Mr. Bickart to litigate it themselves,"—to which an exception was taken. This was not error. It appeared from the evidence in the action that there were two persons who claimed to have procured the purchase of the property and to be entitled to commissions therefor,—the plaintiff and Hyman,—and that the latter had been paid the commissions. We have decided that on a motion upon affidavits in such a case the court will grant an interpleader; and, if that course had been pursued in this action, one would have undoubtedly been granted, because section 820 of the Code of Civil Procedure provides that "a defendant against whom an action to recover upon a contract * * * may at any time before answer, upon proof by affidavit that a person not a party to the action makes a demand against him for the same debt or property without collusion with him, apply to the court * * * for an order to substitute that person in his place, and to discharge him from liability to either on his paying into court the amount of his debt." In this case the defendant, before making payment to Hyman, knew of the claim of the plaintiff, and where a person without collusion is subjected to a double demand to pay an acknowledged debt, and it appears that at least a fair doubt exists upon questions of fact or of law as to the rights of the conflicting demands, he may bring an action of interpleader against them. *Crane v. McDonald,* 118 N. Y. 648, 23 N. E. Rep. 991.

The instructions of the court to disregard the counterclaim were proper. The defendant testified that the written lease provided that he should put the stable in good order; that he could not do any repairs before the plaintiff took possession, as another tenant was in; that the flagpole was a fixture of the place, and he cut it down without plaintiff's knowledge, and without his consent; that it was decayed, and might have fallen in the street, and done damage. As the defendant was by his lease pledged to put the property in good repair, even if the plaintiff had agreed to pay half the expense of replacing the flagpole, it was a promise entirely without consideration, and void, for a promise to do what a party is obliged to do furnishes no consideration for a promise of outside compensation. *Stilk* v. *Myrick*, 2 Camp. 317. It was the defendant's legal duty to replace the pole which he had cut down on account of its infirmity. The judgment should be affirmed, with costs.

BISCHOFF, J., concurs.

PRYOR, J., *(concurring.)* On the argument I was of the opinion that the proof failed to show the employment of plaintiff to sell the property, but a more careful examination of the evidence convinces me that it was sufficient to raise a question for the jury. Plaintiff told the defendant that he was seeking a purchaser; that he would send a party who would probably buy at defendant's figure; and afterwards defendant asked plaintiff if he had a buyer for his property, to which plaintiff replied that he did not have one just then, but expected to have one. On no occasion is it apparent that defendant repudiated the services of the plaintiff, but rather that he accepted the offer of them. Counsel characterizes plaintiff as a volunteer, but an offer is always voluntary. True, defendant swears that he never employed plaintiff, but he may intend a construction of the circumstances which the law does not sanction. At all events, the evidence authorizes an inference of employment;

and I cannot say that the jury erred in deducing it. Appellant insists, again, that the plaintiff was not the procuring cause of the sale. But if Hyman actually negotiated the sale, it is not denied that he was put in motion by plaintiff; and a sale effected by him through the instrumentality of Hyman was in legal effect a sale by him. Whether and how the commission should be divided between plaintiff and Hyman was of no concern to defendant. If there be error in the charge, I do not perceive that it was prejudicial to the appellant. The case is close, and was plausibly presented by the ingenuity of appellant's counsel; but, on the whole, I conclude that the verdict is in conformity with the law and the fact.