(85 App. Div. 483.)

RASINES v. IVES.

(Supreme Court, Appellate Division, First Department. July 7, 1903.)

1. INTERPLEADER—ACTION FOR COMMISSIONS.

Defendant in an action for a commission for sale of property is properly allowed to interplead plaintiff and one who claims the commission under an agreement with plaintiff and defendant; no one claiming that defendant is liable for more than one commission, and the amount being paid into court.

Appeal from Special Term, New York County.

Action by Antonio Rasines against Margaret S. Ives. From an order allowing defendant to interplead without paying the amount claimed into court, and substituting in place of defendant L. J. Phillips and others, constituting the firm of L. J. Phillips & Co., plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Frederick W. Holls, for appellant.
Algernon S. Norton, for respondent.

INGRAHAM, J. The plaintiff was employed by the defendant to make an exchange of certain real property of which the defendant was the owner, and, such exchange having been consummated, plaintiff has brought this action to recover the commissions which he claims to be due to him from the defendant. The defendant admitted the employment of the plaintiff, and the fact that she was liable for the commissions, but alleged that the payment of these commissions had been claimed by the firm of L. J. Phillips & Co., real estate brokers, and asked leave to interplead the plaintiff and Phillips & Co., and to pay the money due from her into court, to await the final determina-

tion of the respective claims of the plaintiff and Phillips & Co. It is alleged, and not denied, that the original negotiations for the exchange of the property undertaken by the plaintiff were unsuccessful, and that Phillips & Co. were employed to assist in the negotiation. It is alleged by the defendant and Phillips & Co. that the terms upon which the defendant had offered to make the exchange could not be obtained, and that, in consideration of the defendant's accepting a less advantageous exchange, it was agreed between the plaintiff, defendant, and Phillips & Co. that the defendant should pay but a single commission, that the commission should be paid to Phillips & Co., and that the plaintiff should be satisfied with the commission that he was able to obtain from the other party to the transaction; and Phillips & Co.'s right to these commissions depends upon their proving this agreement with the plaintiff. Neither the plaintiff nor Phillips & Co. claims that the defendant is liable for more than the one commission, to recover for which the action is brought; and the plaintiff is entitled to recover that commission, unless Phillips & Co. succeed in establishing the agreement by which, in consideration of the defendant accepting the less advantageous exchange that she had insisted on, this commission should be paid to Phillips & Co. This being the case, there is but one amount due by the defendant, viz., the regular commission for the sale of her property. That amount is claimed by both the plaintiff and Phillips & Co.; the claim of Phillips & Co. being based upon an agreement, to which the plaintiff was a party, that the commission should be paid to them. There is therefore but one fund in controversy, the rival claimants to that fund being the plaintiff and Phillips & Co. The defendant, the custodian of that fund, asked to be allowed to pay the same in court; its ownership to be determined in this action. There is no reason to doubt the good faith of Phillips & Co. in making the claim, and the defendant should not be placed in a position in which she should be compelled to take a part in the determination of the respective claims of the plaintiff and Phillips & Co. as to which of them is entitled to this commission, or that she should be compelled to bear the expense of an action, the only issue in which is a controversy between the plaintiff and Phillips & Co. Phillips & Co. being substituted as defendant, if they fail to prove the agreement upon which their claim is based, they will be liable for the costs; and, as the contest is entirely for their benefit, they, and not the defendant, should be subjected to the costs of defending the action. This, we think, is a case for an interpleader, and justified the order made by the Special Term. The fact that the defendant, acting under what she understood to be an agreement between the plaintiff and Phillips & Co., paid the commission to Phillips & Co., has no bearing upon this question when the application was made. She actually held the money which was claimed by the plaintiff and Phillips & Co., she has paid that money into court to abide the determination of the claim of these parties, and there would seem to be no reason why she should be compelled to remain a party to the action, and take part in a dispute in which she has no interest.

We think the order appealed from should be affirmed, with $10 costs and disbursements. All concur.