(118 App. Div. 839)

## TREMBLEY v. MARSHALL.

(Supreme Court, Appellate Division, First Department. April 5, 1907.)

INTERPLEADER—WHEN AUTHORIZED.

Where plaintiff and another real estate agent each claim to have been the sole efficient cause of a sale and to be entitled to the commission, defendant, conceding his liability to the one or the other, but unable to determine between them, may have such third person interpleaded and substituted as defendant.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 29, Interpleader, § 33.]

Appeal from Special Term, New York County.

Action by Charles W. Trembley against Charles G. Marshall. From an order denying motion to have another person interpleaded and substituted as defendant, defendant appeals. Reversed, and motion granted.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

William B. Hornblower, for appellant.

William H. Osborne, for respondent.

SCOTT, J. We have here presented the not infrequent case of a single sale of real property, with two brokers each claiming to have been the sole efficient cause of the sale, and therefore entitled to the commission. There is no pretense or suggestion that defendant has rendered himself liable to pay double commissions, and he, conceding his liability to one or the other of the claimants, but unable to determine between them, and unwilling to do so at his own risk, asks to interplead them, paying the sum claimed into court, and leaving the rival claimants to litigate over it between themselves. There is good reason and ample authority for granting his motion. Rasines v. Ives, 85 App. Div. 483, 83 N. Y. Supp. 228; Dreyer v. Rauch, 3 Daly, 434; Shipman v. Scott, 12 Civ. Proc. R. 109; Bickart v. Hoffmann (Com. Pl.) 19 N. Y. Supp. 472. We find no foundation in the papers for the claim that, in any legal sense, the appellant has disputed the plaintiff's claim. At the most he has expressed only an opinion that it is not well founded. This is not sufficient to defeat his motion.

Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs, upon the payment into court by defendant of the amount claimed. All concur.