HENRY J. LANGSDORF, Appellant, v. DOROTHY LANGSDORF, Respondent.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ.

AUGUST LIBASSI, Respondent, v. EDWIN T. VANE, Defendant, Impleaded with GEORGE W. KUHLMAN, Appellant, and QUEENS MANOR GARAGE, INC., a Domestic Corporation, Respondent.— Order reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted, without costs; the amended answer to be served within ten days from the entry of the order herein. In our opinion, the appellant should have been allowed to amend his answer so as to assert his claim against his codefendant. (*Travlos* v. *Commercial Union of America, Inc.*, 217 App. Div. 352; *Bigelow* v. *DuBuque*, 141 Misc. 29.) There can be, in our opinion, no confusion arising by reason of the proposed amendment as practically the same proof will be required as would be necessary under the original answer. Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ., concur.

JAY MAKELY, Appellant, v. SAM DOMINITZ, Respondent.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ.

JAMES R. O'SHANESY, Respondent, v. GARDEN CITY DEVELOPERS, INC., Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ.

PELL & TIBBITS, INC., Respondent, v. DEAN BEDFORD, Appellant, Impleaded with SPENCER O. SHOTTER and MARIAN TOWNSEND SHOTTER, Respondents.— Order reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. It appears that two different firms of brokers are bringing suit for the same amount against the defendant for commissions and services claimed to have been earned in bringing about the sale of one piece of property to a purchaser clearly identified. The causes of action in the two complaints, read in the light of the affidavits, are substantially identical. The defendant admits liability; is indifferent between the parties; he cannot determine in law and fact which is the true owner; and cannot well make choice between them without hazard. He offers to pay the sum into court so that the two parties may contest as between themselves concerning their rights. There could be but one procuring cause of this sale. The vendor is not required to establish the actual truth and merit of the second claim made in order to obtain relief by interpleader. (*Crane* v. *McDonald*, 118 N. Y. 648, 658.) He should not be exposed to the risk of two separate litigations where there were but one sale and one procuring cause. Let the contending brokers settle the merits of their respective claims in a single suit. (*Trembley* v. *Marshall*, 118 App. Div. 839; *Dardonville* v. *Smith*, 133 id. 234.) Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANK GERVASI, Appellant.— Judgment of conviction of the County Court of Queens county unanimously affirmed. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Scudder and Davis, JJ.