HENRY S. SALAMON, Plaintiff, *v.* BROOKLYN SAVINGS BANK, Defendant.

Supreme Court, Special Term, Kings County, October 7, 1943.

*Snedeker & Snedeker* for defendant.
*F. Rosenberg* for plaintiff.

HALLINAN, J. Plaintiff sued the defendant to recover brokerage commissions amounting to the sum of $4,250, pursuant to a brokerage-commission agreement executed by the parties on June 24, 1943, in connection with the latter's sale to a client of the plaintiff of a building situate in the borough of Manhattan. Alleging that it received notices from certain other persons claiming that they were the sole procuring cause of said sale to the same purchaser, the defendant has moved, pursuant to section 287 of the Civil Practice Act, for an order substituting such other persons in its place as party defendants herein and discharging it from liability either to the plaintiff or to such other persons or any of them upon payment into court of the amount of the claim sued for herein.

The plaintiff vigorously opposes the motion pointing out that the defendant does not deny that he, the plaintiff, was the broker in the transaction or that it entered into an agreement to pay commissions to him upon the closing of title; that two of the persons sought to be joined, to wit: Howard Arnold and William David, cannot properly sue for brokerage commissions because they are not duly licensed real estate brokers and hold only real estate salesmen licenses, as shown by copies of letters received from the Division of Licenses of the Department of State, State of New York; and that there is no merit to the claims of the other persons, who are licensed, as shown by a copy of an affidavit of one of such persons sworn to August 17, 1943, who has also executed a general release to the defendant, but which is in the possession of the plaintiff. He relates also a conversation had with another of the claimants wherein said claimant informed him that he had never met the purchaser and that his claim for commissions arises from having sent a listing of the property to the broker who made the affidavit of August 17, 1943, above referred to.

While the plaintiff has made out a strong case in support of his claim for commissions in connection with the sale by the defendant of the property in question and the lack of merit of the claims to the same commissions asserted by the persons sought to be substituted as party defendants, the court may not, upon this application, determine the merits of the various claims. There was a single sale of real property by the defendant to a particular purchaser. Although there is a writing recognizing the plaintiff as the broker in *that* sale, others have laid claim to the commissions for the identical transaction. Since there is no special contract giving more than one the right to commissions and only one could have been the procuring cause,

the defendant is liable to that one. (*Steinfeld* v. *Goess,* 9 N. Y. S. 2d 460.) Inasmuch as there can be but one recovery against the defendant here, it should not be placed in jeopardy of multiple suits and interpleader should be granted. (*Myers* v. *Batcheller,* 177 App. Div. 47.)

As stated by our Appellate Division in *Pell & Tibbits, Inc.,* v. *Bedford* (238 App. Div. 856): " The vendor is not required to establish the actual truth and merit of the second claim made in order to obtain relief by interpleader. * * * He should not be exposed to the risk of two separate litigations where there were but one sale and one procuring cause. Let the contending brokers settle the merits of their respective claims in a single suit."

The motion is accordingly granted.

Settle order on notice.