John Habbachuk, S.
The decedent, John Febro, also known as John Fabrizio, died, leaving a last will and testament which was- admitted to probate and letters testamentary were issued to Clara Zaic, also known as Clara Febro, who duly qualified and is acting as executrix. The testator left a surviving widow, a resident of Italy, who, through her attorney in fact, has initiated this proceeding to compel a setoff of exempt property.
It has been agreed by the attorneys for the parties herein that the only question to be submitted for determination at this time is one concerning a 1955 Oldsmobile car which was owned by the testator at the time of his death.
The facts are not in dispute. The value of the automobile at the time of the testator’s death was $1,685. The testator was indebted to the General Motors Acceptance Corporation on an installment obligation on which there was a balance due at the time of his death in the sum of $1,385.80. This obligation was secured by a chattel mortgage covering the automobile in question. Also, at the time of the testator’s death, there was in effect a policy of insurance upon his life which was paid for by the testator. The creditor, General Motors Acceptance Corporation, was designated as the beneficiary of this -policy. *1061 Under the terms of the policy, in the event of the death of the testator, the insurance company issuing it agreed to pay to General Motors Acceptance Corporation an amount equal to the balance remaining to be paid under the testator’s obligation to General Motors Acceptance Corporation, which amount was to be applied upon the indebtedness. After proof of death of the testator, his debt to General Motors Acceptance Corporation was satisfied from the proceeds of said policy and the chattel mortgage covering said automobile was discharged.
The executrix concedes that the car should be set off as exempt property, but contends that the estate is subrogated to the rights of the chattel mortgagee and that the widow takes the car subject to the lien in the amount of $1,385.80. The insurance contract contains no such subrogation clause and there is no authority to support the executrix’ theory of subrogation.
The insurance policy in this instance was in effect a form of payment by the decedent upon his indebtedness. The lien upon the automobile was at least constructively extinguished by the testator’s death and, so far as the estate is concerned, the lien is nonexistent. To recognize the theory of the executrix is to create a strange dichotomy of the individual by making him a creditor and at the same time a debtor to himself. Only a compelling necessity would justify the introduction of such a fiction into the law. The widow is entitled to have the car set apart as exempt property, free from the claimed incumbrance of $1,385.80.
In view of the fact that the widow has informally requested the return of an inventory by the executrix and the fact that she contemplates further claims to exempt property, it would be advisable for the executrix to make an inventory and have an appraisal of the personal property, in accordance with article 12 of the Surrogate’s Court Act.
Submit decree accordingly.