Henry J. Latham, J.
The plaintiffs in an action to recover damages for personal injuries and loss of services, medical expenses and damage to property, respectively, move for summary judgment on the issue of liability and thereupon for an immediate assessment of damages.
The motion is predicated upon the affidavit of the plaintiff Elinor Behrens from which it appears that she was operating her husband’s automobile on February 17, 1959, at about 6:00 p.m. The weather was clear and the road surface dry. Traffic was rather heavy and she was following another automobile directly in front of her and there were other vehicles in front of that automobile. All of the said vehicles were traveling at about 15 to 20 miles an hour and she was maintaining a distance of about 40 feet from the automobile directly in front of her. When traffic in front of her started to slow down and come to a stop, she signalled by hand, reduced her speed and came to a slow and gradual stop 5 or 6 feet to the rear of the automobile in front of her. After she was stopped for about 10 seconds, she felt a violent impact to the rear of her car, as a result of which it was propelled forward and she sustained injuries from which she is still suffering. After the impact, she *893 ascertained that the vehicle which struck her in the rear was a truck owned by the corporate defendant and operated by the individual defendant.
No affidavit by either of the defendants has been submitted in opposition. Instead, the attorney of record for the defendants has submitted an opposing affidavit, without furnishing any reason for the absence of any affidavits by his clients and without in any way discussing the merits of the action. This affidavit is confined to the contention that since no written admissions or depositions have been submitted by the plaintiffs and none has been obtained by either party, the requirements of rule 113 of the Buies of Civil Practice have not been met by the plaintiffs. He adds: “ If in the Court’s discretion, this motion is granted, deponent begs leave to conduct such examinations before this case is set down for assessment of damages. Defendant would be so entitled before this case is noticed for trial in the normal Course of events.” He prays “ that this motion be dismissed, or if not, then the order granting the Motion provide for the holding said examinations before damages are assessed.”
In reply, the attorney for the plaintiffs urges that the foregoing opposing affidavit is insufficient to defeat his clients’ motion inasmuch as it does not contain any facts or proof from which it may be inferred that there is an issue of fact on the question of liability. As for the technical objections with respect to the proof required by rule 113 of the Buies of Civil Practice, he urges that such proof is merely permissive, that he has no objection to an examination of the injured plaintiff by a physician and that although defendants have not sought an examination before trial since issue was joined in August, 1959, he has no objection to such an examination provided it is limited to the issue of injuries and damages.
It is, indeed, true that subdivision 2 of new rule 113 of the Buies of Civil Practice provides that a motion for summary judgment “ shall be supported by affidavit, by a copy of the pleadings and by other available proof, such as depositions, written admissions, etc.”, by a person having knowledge of the facts, reciting all the material facts and showing that there is no defense to the action or claim. The reference in said rule to depositions, written admissions, etc., does not mean that such proof is a mandatory condition for making the motion. It is merely an enumeration of the type of proof that may be submitted upon such a motion.
Under the rule as it existed before March 1, 1959, a plaintiff could obtain summary judgment in an action in which such relief was permitted, although material averments of the com *894 plaint were traversed by the answer, if he submitted “ supporting affidavits proving the cause of action, and that clearly and completely, by affiants who speak with knowledge ” and the defendant failed to satisfy the court, by affidavit or other, proof, “ that there is any basis for his denial or any truth in his defense ” (Curry v. Mackenzie, 239 N. Y. 267, 269-270). Unless it was clear ‘ ‘ that plaintiff has made out a case on the undisputed material facts presented on the record by affidavit or other proof ”, summary judgment in his favor could not be granted. (Barrett v. Jacobs, 255 N. Y. 520, 521.) An opposing affidavit by an attorney which did not reveal personal knowledge of the facts was held to be without probative value (Barnet v. Horwitz, 278 App. Div. 700) and such an affidavit was disregarded (Cohen v. Pannia, 7 A D 2d 886).
The new rule did not relieve either the moving or opposing party from making the showing outlined above. Just as the party making the motion is required by subdivision 2 of such rule to submit an affidavit “by a person having knowledge of the facts ’ ’, reciting ‘ ‘ all the material facts ’ ’ and showing 1 ‘ that there is no defense to the action or claim ”, so must the opposing party, by similar proof, demonstrate that the ‘1 action or claim has no merit.”
Obviously, the affidavit submitted on behalf of the defendants utterly fails to satisfy the foregoing requirements. Bather than material facts concerning the claim asserted by the plaintiffs, it presents nothing more than legal argument. Since in the court’s view the affidavit submitted on behalf of the plaintiffs sufficiently spells out a cause of action in negligence, without any fault contributing thereto on the part of the plaintiffs, and the opposing affidavit is, for the reasons stated above, insufficient, the motion for summary judgment on the issue of liability is granted and an immediate assessment of damages directed. On the consent of the plaintiffs, a physical examination of the injured plaintiff will be made, a copy of the findings to be furnished to the attorney for the plaintiffs, and an examination before trial of the plaintiffs by the defendants limited to the issue of injuries and damages will be conducted without any delay, following which the cause may be placed upon the calendar for the assessment upon filing a statement of readiness and the payment of the necessary fees. Settle order.