VisrcEKT A. Lupiano, J.
The action has been commenced by the plaintiff Altusky, holder of a second mortgage, against the owner of the insured property, a one-time owner of the first mortgage, the assignee of the first mortgage, the contractor engaged to restore the damage' occasioned by fire, and the insurance carrier. The first and second mortgages contained the usual fire insurance clause. The insurance contract did *1081 cover the interest of the first mortgagee but the owner breached the covenant contained in the second mortgage. Plaintiff Altusky claims to be entitled to the insurance proceeds to the extent of the amount due on his mortgage because the first mortgagee assigned her mortgage without assigning her right to the insurance proceeds and did relinquish her right thereto. Accordingly, plaintiff is now, in relation to the insurance proceeds, in the position of the first mortgagee. Such an equitable lien upon the basis of the complaint was sustained on the owner’s motion to dismiss for insufficiency.
The two checks representing the insurance proceeds were made payable to the contractor and to the original first mortgagee. They had been cashed by Faster Check Cashing Service Inc. Receiving information that the first mortgagee did not in fact indorse the checks, they were not paid by the drawee bank and they were dishonored. Faster has brought separate action against the insurance carrier and the original first mortgagee, not upon the checks but, as alleged in its complaint, upon its election of substantive right to proceed upon the policy by reason of the assignment to it by the owner of the latter’s claim under the policy. Plaintiff Altusky has moved for summary judgment, declaring that his claim of right as first equitable lienor is superior to all other claims. Plaintiff Faster has moved for summary judgment. The insurance carrier as defendant and as interpleading plaintiff has moved for relief pursuant to section 285 of the Civil Practice Act. By stipulation the motions have been and are consolidated, with determination of the consolidated motion to be binding upon all parties, and in effect there has been consolidation of the actions. Discharge of the carrier is stipulated.
The assignment by the original first mortgagee was in usual form and her existing claim of right to the insurance proceeds was not transferred to the assignee. The conclusion reached by McGivekn-, J., on the owner’s motion to dismiss the complaint of the plaintiff Altusky, must prevail as the law controlling also upon the basis of this submission. At the time of the assignment of the first mortgage, the attorney for the assignor informed the carrier in writing that she relinquished all interest in the insurance proceeds. That interest thereupon devolved on the second mortgagee. At such time the assignee of the first mortgage had no status to deal with the owner with respect to the insurance proceeds, and any arrangement between the owner and the assignee was ineffective to deprive the plaintiff Altusky of his equitable lien. The owner had no status, property or right to assign to the assignee or to Faster.
*1082 Since Faster has sued upon the policy it has lost its rights on the checks and they must be surrendered (Fowler v. Bowery Sav. Bank, 113 N. Y. 450; Schenck v. State Line Telephone Co., 238 N. Y. 308). It is notable to observe that although the checks were made payable to the contractor and to the mortgagee, they were apparently cashed by Faster for and on behalf of the owner for the ostensible purpose of making repairs, and the owner likewise had dealt with the assignee of the first mortgage with the ostensible purpose of making repairs. But there is no competent or satisfactory proof in this submission whatever evidencing the fact that any repairs had been made. It is also notable to observe that the assignee of the first mortgage has instituted an action to foreclose that mortgage.
There remains for consideration the carrier’s request for counsel fee and disbursements. Compensation is fixed at $500, including disbursements. The motion of the plaintiff Altusky is granted. The motion of the insurance carrier is granted as indicated. The motion of the plaintiff Faster is denied. Settle order.