■ THE PEOPLE OF THE STATE OF NEW YORK v. FLENORY JONES, JR. (Peter B. Carr, Esq.) — Appeal dismissed unless briefs filed on or before Dec. 12, 1962.

■ THE PEOPLE OF THE STATE OF NEW YORK v. RICHARD SIMPSON. (De Banks M. Henward, Esq.) — Motion to dismiss appeal denied.

■

## (October 26, 1962)

■ ELLICOTT PAINT CO., INC., Plaintiff, v. BUFFALO EVENING NEWS, INC., et al., Defendants. BUFFALO EVENING NEWS, INC., Respondent; UNITED STATES OF AMERICA, Appellant.— Order unanimously modified in accordance with the memorandum, and as modified, affirmed, without costs of this appeal to any party. Memorandum: This is an appeal from an order awarding counsel fees to the stakeholder in an interpleader action to be paid out of the balance of the fund against which the United States Government asserts a tax lien. The Government's lien attaches to "all property and rights to property" belonging to the delinquent taxpayer. (U. S. Code, tit. 26, § 6321.) A determination of what constitutes the property of the tax debtor is primarily a matter of State law. (30 Am. Jur., Internal Revenue, § 219.) *Acquilino* v. *United States* (10 N Y 2d 271) holds that the contractor does not have a sufficient beneficial interest in the fund held by the owner to give him a property interest except insofar as there is a balance remaining after all subcontractors and other statutory beneficiaries have been paid. In this case, there remains a balance after the payment of the materialman and it is to this balance that the tax lien attaches. The respondent, as stakeholder, is not one of the beneficiaries of the trust fund provisions of the Lien Law. Its rights stem from subdivision 7 of section 285 of the Civil Practice Act which contains no trust fund provision. Following the decisions in *United States* v. *Liverpool & London Ins. Co.* (348 U. S. 215) and *United States* v. *Ball Constr. Co.* (355 U. S. 587, rehearing denied 356 U. S. 934) other courts in recent decisions have denied the right of the stakeholder to recover his counsel fees in similar instances. *Seaboard Sur. Co.* v. *United States* (62-2 U. S. T. C.) is the latest authority in such cases. The order should be modified by striking therefrom the last two ordering paragraphs and, as modified, the order should be affirmed, without costs. (Appeal by United States of America, interpleaded defendant-claimant, from an order of Erie Special Term adjudging that the balance of a fund after payment of plaintiff be paid to United States of America for withholding taxes after allowing counsel fees to the Buffalo Evening News, Inc.) Present — Williams, P. J., Bastow, Goldman, Halpern and Henry, JJ.