NATIONAL COLD STORAGE COMPANY et al., Plaintiffs, *v.* TIYA CAVIAR Co., et al., Defendants.

Supreme Court, Special Term, New York County, December 14, 1966.

*Kaye, Scholer, Fierman, Hays & Handler* for A. J. Armstrong Co., Inc., defendant. *Townsend & Lewis* for National Cold Storage Company, plaintiff. *Debevoise, Plimpton, Lyons & Gates* for Merchants Refrigerating Company, plaintiff. *Diamond & Golomb* for Tiya Caviar Co., defendant. *Bobroff, Olonoff & Scharf* for Beluga Caviar Corp., defendant. *Alvin Chriss* for Leva Rodkin, defendant.

WILLIAM C. HECHT, JR., J. Motions under calendar numbers 148 and 150 of November 18, 1966 are consolidated and disposed of together herein. Defendant A. J. Armstrong Co., Inc. moves for confirmation of the report of the Special Referee to whom this court referred the question of the amount of costs, expenses and reasonable attorneys' fees to be awarded to plaintiffs in connection with their interpleader actions. Both plaintiffs cross-move for an order partially rejecting and modifying the Referee's report.

Plaintiffs are public warehousemen, who commenced separate interpleader actions to determine the ownership of certain quantities of sturgeon and caviar stored with them, after conflicting claims of ownership had been asserted by several defendants. Defendants Tiya Caviar Co. and Beluga Caviar Corp. interposed various counterclaims against plaintiffs, including a claim that plaintiffs conspired with defendant A. J. Armstrong Co., Inc., to improperly obtain the assets of Tiya and Beluga for Armstrong. Ultimately the two matters were consolidated and by summary disposition this court dismissed the counterclaims

and discharged the plaintiffs from all liability hereon (*National Cold Storage Co.* v. *Tiya Caviar Co.*, N. Y. L. J., April 6, 1966, p. 12, col. 6). Upon the afore-mentioned reference, the Special Referee rejected plaintiffs' claims for costs, expenses and legal fees to the extent that the same related to: (1) preliminary matters, i.e., legal services performed prior to, and not directly connected with, the commencement of the interpleader action; (2) defense of the counterclaims; and (3) the referred issue of attorneys' fees. The Referee found that the reasonable value of counsel fees as to which the interpleader fund should be charged was $1,500 for each plaintiff plus actual disbursements allocable to that part of the litigation relating to the actual discharge of the plaintiffs.

The first and third exclusions require no comment since these appear to be clearly unrecoverable under CPLR 1006. The bulk of plaintiffs' claim for counsel fees relates to the defense of the counterclaims (counsel for both plaintiffs spent a total of 220 hours on this aspect of the case), and they here argue that this is an item of expense properly allowable under CPLR 1006. The Referee's report appears to contain a rather far-reaching observation that the expense of defending counterclaims asserted in an interpleader action may never be charged against the deposited fund. While this court does not necessarily agree with that unqualified observation, the court agrees that the expenses of defending the counterclaims asserted in this particular action are not properly chargeable against the fund. The Referee correctly found, on the basis of legislative intent as evidenced in the statutory scheme of CPLR 1006 and on the basis of historical judicial treatment of the problem, that a disinterested stakeholder may recover only those expenses directly incurred in effecting a deposit and discharge. Where there is an issue of independent liability, as here, the interpleading party does not stand as a disinterested stakeholder with respect to that issue and may not recover his expenses (under CPLR 1006) in defending against that independent claim. In the instant case, each of the counterclaiming defendants sought not merely recovery of the subject matter, but also sought a personal judgment against each plaintiff for some $500,000 for allegedly conspiring to damage defendants. Clearly the expense of successfully defending against those claims may not be charged against the subject matter of the action.

The Referee also properly rejected plaintiffs' attempt to base their claim for attorneys' fees upon section 7-209 of the Uniform Commercial Code, which gives a warehouseman a lien for the usual charges arising out of a storage transaction. The fees

here sought certainly do not appear to be such usual charges and, in all events, plaintiffs did not elect to rely upon any statutory lien, but elected to proceed pursuant to CPLR 1006 (subd. [f]) for reasonable attorneys' fees. The Special Referee's report is confirmed, and each plaintiff is awarded $1,500 for counsel fees plus disbursements relating to their actual discharge, said fees and disbursements to be paid out of the fund now on deposit in court.