Carrollton A. Roberts, J.
This is a motion for discharge of an alleged stakeholder in a dispute over payment of a real estate broker’s commission earned by reason of the execution of a lease. The defendants who for the sake of brevity will be referred to as “ Emmi ” entered into a commission agreement with Mac Queen Realty on or about the 19th day of October, 1965. In consideration of the execution of a leasing agreement, Emmi agreed to pay a total commission to Mac Queen Realty of $20,000, one half payable in advance and the balance payable in two equal installments. A payment in the amount of $10,000 was made to Mac Queen in September of 1966 and an additional payment of $5,000 was payable in September of 1967 but was withheld because the interpleaded defendant Owen made claim to the balance due on the commission. Owen was the director of the motel division of Mac Queen Realty Co., Inc., at the time of the execution of the commission agreement on the 19th day of October, 1965. The defendants Emmi have therefore moved pursuant to CPLR 1006 (subd. [f]) for a discharge of stakeholder and for costs and disbursements including attorneys’ fees.
Emmi has adopted a neutral and disinterested posture in the pleadings before this court and on argument, insofar as it does *55 not question that $10,000 remains payable on the commission, but only raises the point that two adverse claims are made to the fund and that in order to avoid possible multiple liability this court must permit the payment into court or otherwise direct payment of the fund.
Mac Queen Realty on the return date of the motion for discharge of stakeholder cross-moved for summary judgment demanding payment of the $10,000 remaining on the commission and denial of defendants’ motion for payment of the fund into court. In support of its motion Mac Queen Realty submitted the affidavit of Virginia Mac Queen, the president of the company, which detailed the execution of the agreement and the partial payment of $10,000 and further stated that at the time services were rendered to the defendants Emmi by Mac Queen Realty, interpleaded defendant Owen was employed only as a salesman and was not a licensed real estate broker. Mac Queen argues from this point that Section 442-a of the Real Property Law prohibits a salesman from seeking a commission from any party other than a licensed real estate broker and that by reason of this fact Owen must proceed if at all, against Mac Queen and is without recourse against Emmi. Mac Queen concludes that the fund must be paid to it and Owen left to whatever remedy he may have against Mac Queen.
Ordinarily a court must afford a party moving for a discharge as a stakeholder pursuant to our interpleader practice the most liberal interpretation of the applicable statute. CPLR 1006 (subd. [a]) defines a stakeholder as a “ person who is or may be exposed to multiple liability as the result of adverse claims.” The liberal definition of the CPLR is to a certain extent based upon similar language in cases interpreting earlier statutory and common-law interpleader. Thus, in Boden v. Arnstein (293 N. Y. 99, 103 [1944]) Chief Judge Lehman commented that interpleader would be available unless ‘ ‘ the adverse claim * * * is so patently without substance that the defendant can reject it without risk ”. Even a “ colorable ” adverse claim may be sufficient to permit payment into court and the discharge of a stakeholder and “ for the purpose of the motion for a discharge, we should assume the truth of the allegations in the respective pleadings.” (See Nelson v. Cross & Brown Co., 9 A D 2d 140, 144 [1st Dept., 1959]; 6 Carmody-Wait 2d, New York Practice, § 40:34, p. 568.) But the question here is whether we have even a “ colorable ” claim for purposes of invoking the interpleader statute.
Certainly this court recognizes that the remedy of interpleader has often been invoked in disputes between two broJcers for a *56 commission. (See, e.g., Pell & Tibbits v. Bedford, 238 App. Div. 856 [2d Dept., 1933]; Rasines v. Ives, 85 App. Div. 483 [1st Dept. 1903].) We do not, however, in the instant situation have a dispute between two brokers. The memorandum of the commission agreement submitted to this court after argument fixes the date of the agreement as being on or about the 19th day of October, 1965, and interpleaded defendant Owen neither offers evidence in opposition to this date nor otherwise disputes its accuracy. In fact, interpleaded defendant Owen failed to make any opposition other than oral argument to the cross motion for summary judgment made on behalf of Mac Queen Realty. The court has before it the answer of interpleaded defendant Owen to the interpleader complaint of Emmi but this answer, while verified, consists only of general and specific denials and alleges nothing affirmatively. In fact, interpleaded defendant Owen does not contest that he was at best only a licensed real estate salesman at the time of execution of the commission agreement. As. such, Owen would have no legal recourse against the Emmi interests. (Killion v. Wolff, 51 Misc 2d 47 [Dist. Ct., Suffolk County, 1966], affd. 53 Misc 2d 1022 [ App. Term, 2d Dept., 1967].)
The cases are quite clear that the failure to submit an affidavit on personal knowledge and to otherwise make an evidentiary •showing in opposition to the motion for summary judgment may be fatal to a party disputing the motion solely on an oral argument. (See Behrens v. Shawmut Transp. Co. 22 Misc 2d 892 [Spec. Term, Queens County, 1959]; O’Meara Co. v. National Park Bank, 239 N. Y. 386 [1925]; Lee v. Graubard, 205 App. Div. 344, 346-347 [1st Dept., 1923]; Anderson v. City of New York, 258 App. Div. 588, 589 [2d Dept., 1940]; Gnozzo v. Marine Trust Co., 258 App. Div. 298, 299 [4th Dept., 1939], affd. 284 N. Y. 617 [1940].) It is only in the brief submitted by the attorneys for Owen that the statement is made that defendant Owen became a real estate broker in the month of March, 1967. This would seem to be of no probative value in the case at bar insofar as the agreement for the commission dates back to 1965 and this court finds without merit the argument made by the attorneys for Owen that insofar as a portion of the commission has not been paid, the effective date of the commission agreement should be fixed as late as 1967 and the agreement for commission in effect be treated to that extent as a severable contract. This is a strained interpretation without any basis in the papers before this court. The only reason that payment was not made as per the agreement was the demand by the interpleaded defendant Owen for the funds and Owen cannot by his own actions seek *57 to fix the date of the agreement for commissions as being any other date than October of 1965, the date on the face of the agreement.
There is nothing before this court on behalf of the interpleaded defendant Owen setting forth his version of the transaction which is the subject matter of the motion and cross motion. Accordingly, the cross motion for summary judgment brought on behalf of Mac Queen Realty is granted and the defendants Emmi are hereby ordered to make the remaining payments on the commission to Mac Queen Realty. The motion for a discharge of stakeholder and for leave to pay funds into court by the defendants Emmi and the interpleaded defendant Owen is denied.
While a stakeholder ordinarily is entitled to reimbursement for expenses including reasonable attorneys’ fees (see, e.g., Ellicott Paint Co. v. Buffalo Evening News, 33 Misec 2d 896 [Sup. Ct., Erie County, 1961], mod. 17 A D 2d 911 [4th Dept., 1962]; Metropolitan Life Ins. Co. v. Brody, 35 Misc 2d 384 [Spec. Term, Albany County, 1962]; Bank of America v. Transpollux Carriers Corp., 26 Misc 2d 524, 529 [Spec. Term, New York County, 1960] and Altusky v. Jabar Realty Corp., 26 Misc 2d 1080,1082 [Spec. Term, New York County, 1960], app. dsmd. 10 A D 2d 821 [1st Dept., I960]), the authorities are clear that the granting of costs including attorneys’ fees rests in the sound discretion of the court, and, of course, should not be granted where the relief requested is denied. Therefore, the application of the defendants Emmi for costs including attorneys’ fees is denied and further this motion shall be without costs to any of the contesting parties.