Arnold G-. Fraiman, J.
This motion by plaintiff for summary judgment pursuant to CPLR 3212 is granted. Plaintiff, the son of a deceased union member, seeks interest on the $2,500 death benefits to which he became entitled from the *531 union’s welfare fund when his father died. Such interest is sought for the period between the date on which he perfected his claim and the date on which the benefits were paid. The facts are not in dispute. The deceased died on June 6, 1961 and shortly afterwards plaintiff applied for the death benefits from the defendant union. Payment was refused on the ground that another claimant also asserted an interest in the funds, and plaintiff was advised that no payment would be made without a court order. He thereupon commenced the instant action. Thereafter, the union conceded that plaintiff was entitled to the death benefits, and issued a check to him in the amount of $2,500, dated May 18, 1970.
Defendant seeks to avoid payment of interest contending, in substance, that there is no statutory requirement that interest be paid. It argues that section 166-b of the Insurance Law, relied upon by plaintiff, which provides that in an action to recover on a life insurance policy, interest shall be added from the date of the receipt by the company of the completed proof of death of the insured, is not applicable to union welfare funds. The decision of this court, as hereinafter set forth, is based upon grounds entirely distinct from the Insurance Law and it is therefore unnecessary to determine the applicability of this section to the instant case. CPLR 5001 (subd. [b]) provides that interest shall be computed “ from the earliest ascertainable date that the cause of action existed ”. In the instant case, this would be from the date on which plaintiff submitted to defendant proof of death and the policy certificate.
While defendant’s subsequent claim may have been justified because of its fear of double exposure as a result of adverse claims, such facts do not relieve defendant from liability for interest on the payment it ultimately makes to the successful claimant. CPLR 1006 provides the remedy of interpleader as a method of avoiding liability because of adverse claims to a fund held by a stakeholder. Pursuant to subdivision (f) thereof, defendant could have commenced an action of inter-pleader against plaintiff and the other claimant, and then moved for an order discharging it from liability upon the payment of the sum in dispute into court. Interest in such case would be payable only until the date of discharge (cf. Flack v. Prudential Ins. Co., 42 Misc 2d 512; Wallace v. Metropolitan Life Ins. Co., 78 N. Y. g. 2d 727, affd. 274 App. Div. 1072). Defendant has only itself to blame for failing to avail itself of the discharge provisions of CPLR 1006 (subd. [f]), thereby limiting its liability for the payment of interest. Having *532 elected to retain possession and nse of the death benefits pending the resolution of the conflicting claims, it cannot avoid liability for the payment of interest thereon to the ultimately successful claimant.