■ MERRIMACK MUTUAL FIRE INSURANCE COMPANY, Appellant, v GRANT MOORE et al., Respondents, et al., Defendants. — Appeal from an order of the Supreme Court at Special Term (Pennock, J.), entered January 18, 1982 in

Albany County, which, *inter alia,* (1) directed the stakeholder in the interpleader action to pay interest on a settlement to claimants Grant and Marion Moore, (2) referred to Trial Term for hearing the issue of the stakeholder's obligation to pay those two claimants' attorney's fees, costs and disbursements, (3) denied the stakeholder's request for attorney's fees, costs and disbursements, and (4) denied the stakeholder's request to be discharged from further liability. The facts are undisputed. Merrimack Mutual Fire Insurance Company issued an insurance policy against fire loss covering the period from November 15, 1975 to November 15, 1978 on an apartment building owned by Grant and Marion Moore. Amsterdam Savings Bank was named in the policy as mortgagee. On February 5, 1978, a fire damaged the building. The Moores contracted with I.C.O.F. Associates, Inc. (ICOF) through its president, William Bowen, to negotiate a settlement of their claim. The services of attorney Herbert Sunshine were provided for by terms of the contract. ICOF, since succeeded by Public Adjusters Corporation, had a time-limited contract with the Moores and the period expired without the claim being adjusted. Thereafter, Merrimack, through an independent adjuster, negotiated directly with the Moores and settled the claim for $77,400. On March 28, 1979, Merrimack tendered full payment in a check naming the Moores, Amsterdam Savings Bank, ICOF and Herbert Sunshine as payees. The Moores returned the check protesting the naming of ICOF and Sunshine as payees. On June 27, 1979, Merrimack paid the bank mortgagee the amount of its claim, $5,634.46, and in November of 1980 instituted this interpleader action naming the Moores, ICOF, William Bowen, Public Adjusters Corporation and Herbert Sunshine as claimants.[*] Thereafter, Merrimack moved pursuant to CPLR 1006 (subd [f]) for an order directing it to deposit $71,765.54, the remaining unpaid amount of the settlement, into court and for a discharge from further liability. Merrimack also asked for reasonable attorney's fees and costs to be paid out of the amount deposited. The Moores, in separate answering papers, requested interest on the sum to be deposited and reasonable fees, costs and disbursements. Special Term's order, insofar as is pertinent to this appeal, directed Merrimack to pay interest on $71,765.54 from March 30, 1979, two days subsequent to the date it issued the rejected settlement check; referred the issue of an award of attorney's fees, costs and disbursements to the Moores to a Trial Term for hearing; denied Merrimack's request for like relief; and refused to discharge Merrimack from further liability in the action. This appeal by Merrimack ensued. A resolution of the issue of whether Special Term erred in directing that interest be paid on the sum deposited in court turns on the timeliness of Merrimack's interpleader action. Had Merrimack commenced an interpleader action in March, 1979 pursuant to the provisions of CPLR 1006 (subd [a]), it would have been entitled to court protection from the adverse claims against the fire policy proceeds and to an order discharging it from liability upon payment of the sum into court (CPLR 1006, subd [f]). Under those circumstances, interest would have been payable only until the date of discharge (see *Pray v Cement & Concrete Workers, Dist. Council Welfare Fund,* 65 Misc 2d 530). Here, however, Merrimack, as a stakeholder, issued a draft in full payment of the sum owed to multiple payees, two of whom had no established legal right to any of the proceeds. The contract of insurance lists only the Moores, as insureds, and Amsterdam Savings Bank, as mortgagee, as having any right to the fire loss proceeds. Any rights ICOF and attorney Sunshine had must be gleaned from the retainer agreement between the Moores and ICOF, and that agreement had expired by its own terms before any settlement was reached. Accordingly, we hold that Merrimack, by failing to

---

[*] The Moores' answer contained a counterclaim in the sum of $250,000. The counterclaim was dismissed and no appeal was taken.

timely commence an interpleader action and by issuing a settlement check containing named payees with no legal right to any part of the proceeds, made a conditional tender which was ineffectual to stop the accrual of interest on the sum owed. With respect to the issue of attorney's fees, costs and disbursements, which both the Moores and Merrimack seek, we note that although CPLR 1006 (subd [f]) authorizes the court in an interpleader action to "impose such terms relating to payment of expenses, costs and disbursements as may be just", and, further, that New York courts have construed attorney's fees to be included within the meaning of "expenses, costs and disbursements" (see, e.g., *Mac Queen Realty Co. v Emmi*, 58 Misc 2d 54; *National Cold Stor. Co. v Tiya Caviar Co.*, 52 Misc 2d 289), the legislative insertion of the phrase "as may be just" in subdivision (f) effectively makes the court's determination in this regard a discretionary act. Here, while Merrimack's interpleader action may have been tardy with respect to its obligation to pay interest, the commencement of the same comports with the spirit and intendment of CPLR 1006 that an interpleader action by a stakeholder is to be encouraged in order to protect such a party from multiple adverse claims to the fund. Next, whatever equities might be appropriately adjusted by awarding fees, costs and disbursements against a stakeholder, and we do not deny that such an award might be appropriate in a proper case (see *Ellicott Paint Co. v Buffalo Evening News*, 17 AD2d 911), are outweighed where, as here, the possibility of such an award might discourage stakeholders from bringing interpleader actions and cause them, instead, to invest the fund at interest and wait for the claimants to sue. In that event, the interest earned might exceed the interest assessed and, certainly, would immunize the stakeholder against an award of counsel fees since there is no statutory authorization for such an award in a civil case (*Piaget Watch Corp. v Audemars Piguet & Co.*, 35 AD2d 920). Accordingly, we conclude that Special Term erred in referring the question of whether fees, costs and disbursements should be awarded to the Moores against Merrimack to a Trial Term for a hearing. Claimants Moore have failed to establish any right to such an award. We reach the same conclusion regarding Merrimack's motion for counsel fees, costs and disbursements. Given the fact that Merrimack waited for a period of 18 months following the date of settlement of the Moores' claim before commencing this interpleader action, we find no abuse of discretion in Special Term's decision to deny that motion. Lastly, since we hold that neither Merrimack nor claimants Moore are entitled to fees, costs and disbursements, and the full amount due the Moores has been paid into court with all claims other than the Moores' being dismissed, there is no reason not to discharge Merrimack from all further liability in accordance with CPLR 1006 (subd [f]). Order modified, on the law and the facts, by reversing so much thereof as referred the issue of counsel fees, costs and disbursements owed Grant and Marion Moore to a Trial Term and denied the motion of Merrimack Mutual Fire Insurance Company to be dismissed from further liability in the action, and said motion granted, and, as so modified, affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.