■ Continental Assurance Company, Respondent, v Ralph H. Patrick, Appellant, and Catherine H. Devoogd et al., Individually and as Coexecutors of Margaret L. Halliday, Deceased, Respondents.—Casey, J. Appeal from an order and judgment of the Supreme Court (Ellison, J.), entered February 3, 1989 in Tompkins County, which, *inter alia,* granted plaintiff's motion to be discharged from liability after paying into court the proceeds of an insurance policy.

In this interpleader action commenced pursuant to CPLR 1006, plaintiff seeks a determination of the rights of various parties in a life insurance policy issued to decedent, Margaret L. Halliday. Decedent purchased certain real property in the

Village of Watkins Glen, Schuyler County, in 1984. A mortgage lender subsequently acquired by Norstar, N.A. provided $65,000 of the purchase price. In March 1985 decedent applied to plaintiff for a renewable term life insurance policy in the face amount of $65,000. The designated beneficiary was the mortgage lender "as interest may appear" with the balance if any to defendant Ralph H. Patrick (hereinafter defendant). Plaintiff issued the policy to decedent in May 1985.

Decedent died testate in June 1986. In her will, decedent left her entire estate to her son and daughter, and named them as executors of her estate. As of the date of decedent's death, the outstanding balance on the mortgage held by Norstar totaled $62,918.23 in principal and interest. Apparently unaware of the life insurance policy issued by plaintiff, the executors decided to sell the mortgaged premises to pay off the mortgage. They entered into an agreement with Norstar in August 1986, whereby the executors paid $30,000 in principal to Norstar and thereafter paid only interest until the property was sold. The property was sold in December 1986 and the mortgage balance was paid from the proceeds of the sale.

In the meantime, the executors learned of the existence of the life insurance policy issued by plaintiff and they asserted a claim on behalf of the estate. In addition, Norstar assigned to the estate "all right, title and interest" it had in the policy. Thereafter, the estate assigned its interest in the policy to the executors. Having also received a claim on the policy from defendant, plaintiff commenced this interpleader action against defendant and decedent's son and daughter, individually and as executors of decedent's estate. Following the receipt of responsive pleadings which contained various counterclaims and cross claims seeking the proceeds of the policy, plaintiff moved for an order discharging it from liability upon payment of the proceeds into court. Defendant and the executors cross-moved for summary judgment. Supreme Court granted plaintiff's motion and granted summary judgment to the executors in the amount of $62,918.23. Defendant's cross motion was denied and his counterclaim dismissed. Supreme Court also awarded plaintiff counsel fees in the amount of $2,484.43. Defendant appeals.

It is defendant's contention that because the mortgage has been satisfied, Norstar has no interest in the policy issued by plaintiff and, therefore, defendant is entitled to the entire proceeds as the designated beneficiary of the "balance". Plaintiff contends that it is entitled to the proceeds on three

alternative theories: subrogation, assignment or third-party beneficiary. Our analysis begins and ends with the subrogation theory.

The Court of Appeals has said that "[t]he remedy of subrogation * * * includes so wide a range of subjects that it has been called the 'mode which equity adopts to compel the ultimate payment of a debt by one who in justice, equity, and good conscience ought to pay it' " *(Pittsburgh-Westmoreland Coal Co. v Kerr,* 220 NY 137, 144). We agree with Supreme Court that the relevant date for ascertaining the parties' rights to the proceeds of the life insurance policy issued by plaintiff is the date of decedent's death *(see, Greenfield v Massachusetts Mut. Life Ins. Co.,* 253 App Div 51, 53). Pursuant to the policy, the mortgagee was a beneficiary "as interest may appear", which means that plaintiff was obligated to pay Norstar to the extent of its lien on the property as of the date of decedent's death *(cf., Grady v Utica Mut. Ins. Co.,* 69 AD2d 668, 674). It is our view that pursuant to the terms of its policy, plaintiff became the primary obligor to Norstar to the extent of Norstar's lien. Pursuant to EPTL 3-3.6 (b), the encumbrance was also chargeable against the property, with decedent's estate responsible for any deficiency *(see, Jemzura v Jemzura,* 36 NY2d 496), but this liability was secondary to the obligation created by the life insurance policy issued by plaintiff. The policy clearly was intended by decedent to be the primary source for satisfaction of the lien *(see, Matter of Febro,* 14 Misc 2d 1060). In these circumstances, when the executors sold the property and satisfied the mortgage unaware of the existence of the life insurance policy, which was purchased by decedent for the purpose of satisfying the mortgage upon her death, they became subrogated to the rights of the creditor to the proceeds of policy. Accordingly, Supreme Court properly granted summary judgment to the executors in the amount of the lien as of decedent's death.

We are also of the view that the award of reasonable counsel fees to plaintiff was an appropriate exercise of Supreme Court's discretionary authority (CPLR 1006 [f]; *cf., Merrimack Mut. Fire Ins. Co. v Moore,* 91 AD2d 759, 761). The order and judgment should therefore be affirmed.

Order and judgment affirmed, with one bill of costs to respondents. Mahoney, P. J., Kane, Casey, Weiss and Harvey, JJ., concur.