Matter of House 93, LLC v Lipton (2019 NY Slip Op 08972)





Matter of House 93, LLC v Lipton


2019 NY Slip Op 08972


Decided on December 17, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 17, 2019

Gische, J.P., Mazzarelli, Singh, Moulton, JJ.


10592 161159/18

[*1] In re House 93, LLC, Petitioner-Respondent-Appellant,
v
Heidi Lipton, Respondent-Appellant-Respondent.


The Law Office of Robert Moore, PLLC, New York (Robert Moore of counsel), for appellant-respondent.
Valiotis & Novella PLLC, Long Island City (Anthony J. Novella and William J. Alesi of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Debra A. James, J.), entered July 1, 2019, which, inter alia, granted petitioner a 60-day license to enter respondent's adjoining property under RPAPL 881 and granted respondent's request for legal fees, unanimously affirmed, without costs.
In weighing the interests of the parties, we find that, under these circumstances, issuing petitioner a 60-day license to access a small portion of respondent's property to commence immediately is reasonable and that the inconvenience respondent may face is slight compared to the hardship if the license is refused (see (Matter of Board of Mgrs. of Artisan Lofts Condominium v Moskowitz, 114 AD3d 491, 492 [1st Dept 2014]). Contrary to respondent's argument, we do not find that the motion court's order is premature because petitioner did make a showing as to the reasonableness and necessity of the trespass referenced in the order (see id.).
The court providently determined that the respondent be awarded the license fee award of $2,000 a month as a result of her temporary loss of enjoyment to the small portion of the rear yard petitioner will be accessing pursuant to the limited license (see e.g. Matter of Trinity NYC Hotel, LLC v 11 Rector St., LLC, 2018 WL 5498773 [Sup Ct, New York County 2018]; Matter of North 7-8 Invs., LLC v Newgarden, 43 Misc 3d 623, 636 [Sup Ct, Kings County 2014]; Ponito Residence LLC v 12th St. Apt. Corp., 38 Misc 3d 604, 612-613 [Sup Ct, NY County 2012]).
Contrary to the petitioner's argument, it is within the court's discretion to determine that attorney fees be resolved by a special referee (see Merrimack Mut. Fire Ins. Co. v Moore, 91 AD2d 759, 761 [3d Dept 1982]; see also Matter of North 7-8 Invs. 43 Misc 3d at 632).
We have considered the parties' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 17, 2019
CLERK